# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

ABDULLAH ALI,

                                       Index No.

                        Plaintiff,

                                       SUMMONS

      -against-

FLOYD JOY MAYWEATHER JR., MONEY TEAM LLC,
JOHN DOES 1-6, names being fictitious as unknown at
this time, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT",    Basis of Venue:
UZIVERT LLC, and JOHN DOES 7-12, names being fictitious   *Location of Occurrence*
as unknown at this time,

                        Defendants.

-----------------------------------------------------------------------X

To the above-named Defendant(s):

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,
on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of
service (or within 30 days after the service is complete if this summons is not personally delivered
to you within the State of New York); and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the complaint.

               *Location of Occurrence:*    *Park Avenue South; New York, New York*

Dated: New York, New York
       June 17, 2024

                                               Yours, etc.

                                               Michael A. Rose, Esq.
                                                 Corey Morgenstern, Esq.
                                                 HACH & ROSE, LLP
                                                 Attorneys for Plaintiff
                                                 112 Madison Avenue, 10th Floor
                                                 New York, NY 10016
                                                 (212) 779-0057
                                                 (212) 779-0028

                                                 Matthew J. Blit, Esq.
                                                 LEVINE & BLIT, PLLC

800 Westchester Ave, Suite S-322
Rye Brook, NY 10573
(212) 967-3000

To:    FLOYD JOY MAYWEATHER JR.
3753 HOWARD HUGHES PKWY., STE. 200-416
LAS VEGAS, NV 89169-0952

FLOYD JOY MAYWEATHER JR.
4720 LAGUNA VISTA ST
LAS VEGAS, NV 89147-6043

MONEY TEAM LLC
900 MARKET ST., STE. 1
OAKLAND, CA 94607

SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT"
167 SADDLEBOW RD
BELL CANYON, CA, 91307

SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT"
600 MAMARONECK AVENUE #400
HARRISON, NY 10528

SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT"
1450 BRICKELL AVE, FL #18
MIAMI, FL 33131

SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT"
100 SE 2ND ST, STE 1700
MIAMI, FL 33131

UZIVERT LLC
1450 BRICKELL AVE, FL #18
MIAMI, FL 33131

UZIVERT LLC
c/o CORPORATE CREATIONS NETWORK, INC.
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
ABDULLAH ALI,

                                                                    Index No.

                                    Plaintiff,

                                                                    <u>VERIFIED COMPLAINT</u>

            -against-

FLOYD JOY MAYWEATHER JR., MONEY TEAM LLC,
JOHN DOES 1-6, names being fictitious as unknown at
this time, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT",
UZIVERT LLC, and JOHN DOES 7-12, names being fictitious
as unknown at this time,

                                    Defendants.
----------------------------------------------------------------X

        Plaintiff, ABDULLAH ALI by his attorneys, HACH & ROSE, LLP and LEVINE & BLIT,

PLLC, complaining of the defendants herein, respectfully shows to this Court, and allege as follows:


    1.  That at all times mentioned and herein, plaintiff, ABDULLAH ALI was and still is a

        resident of the County of New York, State of New York.

    2.  That at all times mentioned and herein, defendant, FLOYD JOY MAYWEATHER JR.,

        was and still is a resident of the County of Clark, State of Nevada.

    3.  That at all times mentioned herein, and on June 27, 2023, the defendant, MONEY TEAM

        LLC, is and was a foreign business entity, duly authorized to do business in the State of New

        York;

    4.  That at all times mentioned herein, and on June 27, 2023, the defendant, MONEY TEAM

        LLC, is was and has been a domestic corporation duly organized and existing under and by

        virtue of the laws of the State of New York;

    5.  That at all times mentioned herein, and on June 27, 2023, the defendant, MONEY TEAM

LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York;

6. That at all times mentioned herein, and on June 27, 2023, the defendant, MONEY TEAM LLC, is, was and has been a domestic limited liability company doing business in the State of New York;

7. That at all times mentioned herein, and on June 27, 2023, the defendant, MONEY TEAM LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce;

8. That at all times hereinafter mentioned, defendants, JOHN DOES 1-6 are friends and/or colleagues, and/or cohorts, and/or co-conspirators of defendant, FLOYD JOY MAYWEATHER JR.

9. That at all times hereinafter mentioned, defendants, JOHN DOES 1-6 are employees, agents, and/or servants, of defendants, FLOYD JOY MAYWEATHER JR., whose job duties include, but are not limited to security matters and the protection of defendant, FLOYD JOY MAYWEATHER JR.,

10. That at all times hereinafter mentioned, defendants, JOHN DOES 1-6 are employees, agents, and/or servants, of defendants, MONEY TEAM LLC whose job duties include, but are not limited to security matters and the protection of defendant, FLOYD JOY MAYWEATHER JR.,

11. That at all times hereinafter mentioned, defendant, FLOYD JOY MAYWEATHER JR., is an employee, agent, and/or servant, of defendant, MONEY TEAM LLC.

12. That at all times hereinafter mentioned, defendants, JOHN DOES 1-6 were acting within the course of their employment with defendant, MONEY TEAM LLC.

13. That at all times hereinafter mentioned, defendant, FLOYD JOY MAYWEATHER JR., was acting within the course of their employment with defendant, MONEY TEAM LLC.

14. That at all times mentioned and herein, defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT", was and still is a resident of the County of Ventura, State of California.

15. That at all times mentioned herein, and on June 27, 2023, the defendant, UZIVERT LLC, is and was a foreign business entity, duly authorized to do business in the State of New York;

16. That at all times mentioned herein, and on June 27, 2023, the defendant, UZIVERT LLC, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

17. That at all times mentioned herein, and on June 27, 2023, the defendant, UZIVERT LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York;

18. That at all times mentioned herein, and on June 27, 2023, the defendant, UZIVERT LLC, is, was and has been a domestic limited liability company doing business in the State of New York;

19. That at all times mentioned herein, and on June 27, 2023, the defendant, UZIVERT LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce;

20. That at all times hereinafter mentioned, defendants, JOHN DOES 7-12 are friends and/or

colleagues, and/or cohorts, and/or co-conspirators of defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT".

21. That at all times hereinafter mentioned, defendants, JOHN DOES 7-12 are employees, agents, and/or servants, of defendants, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT", whose job duties include, but are not limited to security matters and the protection of defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT";

22. That at all times hereinafter mentioned, defendants, JOHN DOES 7-12 are employees, agents, and/or servants, of defendants, UZIVERT LLC whose job duties include, but are not limited to security matters and the protection of defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT";

23. That at all times hereinafter mentioned, defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT", is an employee, agent, and/or servant, of defendant, UZIVERT LLC.

24. That at all times hereinafter mentioned, defendants, JOHN DOES 7-12 were acting within the course of their employment with defendant, UZIVERT LLC.

25. That at all times hereinafter mentioned, defendant, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT" was acting within the course of their employment with defendant, UZIVERT LLC.

26. That on June 27, 2023, ABDULLAH ALI, was lawfully present on Park Avenue South between E. 29th Street and E. 30th Street, at or near the front of the Verizon Store located at 424 Park Ave South; County of New York, State of New York.

27. On or about, June 27, 2023, and at all times herein mentioned, Park Avenue South; County of New York, State of New York was a public roadway and/or thoroughfare;

28. That on or about, June 27, 2023, while present at the aforesaid location, plaintiff, ABDULLAH ALI, was attacked, assaulted, and/or battered by defendants, MONEY TEAM

LLC, JOHN DOES 1-6, UZIVERT LLC, and JOHN DOES 7-12, causing serious personal, economic, and other injury to said plaintiff.

29. That on June 27, 2023, defendants, MONEY TEAM LLC, JOHN DOES 1-6, UZIVERT LLC, and JOHN DOES 7-12, failed to act to prevent or intervene in an altercation, initiated by the defendants, wherein plaintiff was injured.

30. That on June 27, 2023, defendants, MONEY TEAM LLC, JOHN DOES 1-6, UZIVERT LLC, and JOHN DOES 7-12, without provocation attacked, assaulted, and/or battered plaintiff, ABDULLAH ALI while he was observing a Rolls Royce vehicle that was parked in a MONEY TEAM LLC labeled trailer at or near the aforesaid location.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

32. That at all times hereinafter mentioned, the defendants, FLOYD JOY MAYWEATHER JR., individually, and FLOYD JOY MAYWEATHER JR., on behalf of the MONEY TEAM LLC, and JOHN DOES 1-6 owed a duty to plaintiff, ABDULLAH ALI to use reasonable care to restrain themselves from conducting themselves in a vicious manner so as to create an unreasonable risk of harm to plaintiff, and other similarly situated.

33. That at all times hereinafter mentioned, the defendants, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT", individually, and SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT" ,on behalf of UZIVERT LLC, and JOHN DOES 7-12 owed a duty to plaintiff, ABDULLAH ALI to use reasonable care to restrain themselves from conducting themselves in a vicious manner so as to create an unreasonable risk of harm to plaintiff, and other similarly situated.

34. That at all times hereinafter mentioned, the defendant, MONEY TEAM LLC owed a duty to

plaintiff to see that its employees, agents, servants, representatives, or other, use reasonable care to protect plaintiff and others at the above location, to prevent an unreasonable risk to harm to plaintiff.

35. That at all times hereinafter mentioned, the defendant, UZIVERT LLC owed a duty to plaintiff to see that its employees, agents, servants, representatives, or other, use reasonable care to protect plaintiff and others at the above location, to prevent an unreasonable risk to harm to plaintiff.

36. That the aforementioned occurrence and the results thereof including the injuries sustained by the plaintiff were cause by and due to the negligence, carelessness and recklessness of the aforementioned defendants, by failing to properly control their conduct, failing to monitor their conduct and in otherwise being negligent, reckless, and careless under the circumstances.

37. That by reason of the foregoing, and due to the carelessness, recklessness, and negligence of the aforementioned defendants, plaintiff has been injured and suffered damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

39. That each and all of the defendants herein, had a duty of care to the plaintiff; that said duty was breached by the defendants, that said breach resulted directly in emotional harm.

40. That defendants, through extreme, outrageous, negligent, and reckless behavior, caused severe emotional distress, mental trauma, and/or bodily harm to the plaintiff; that defendants engaged in extreme and outrageous conduct; with an intent to cause, or disregard of a substantial

Case 1:24-cv-05642-LLS    Document 1-1    Filed 07/25/24    Page 10 of 16

probability of causing, severe emotional distress; and there lies a casual connection between conduct and injury; and resulting in severe emotional distress.

41. That the acts of defendants described herein were a negligent infliction of emotional distress against the plaintiff, and the plaintiff has suffered damages pursuant thereto, and he will continue to suffer same in the future.

42. That by reason of the foregoing, plaintiff requests an award of damages which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION:**
**INTENTIONAL TORT: ASSAULT**

43. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

44. That on the aforementioned date at the subject location, plaintiff was, without cause or provocation, maliciously, and intentionally assaulted by defendants, MONEY TEAM LLC, and JOHN DOES 1-6, causing serious personal injury and economic damages to plaintiff.

45. That on the aforementioned date at the subject location, plaintiff was, without cause or provocation, maliciously, and intentionally assaulted by defendants, UZIVERT LLC, and JOHN DOES 7-12, causing serious personal injury and economic damages to plaintiff.

46. That defendants, MONEY TEAM LLC, and JOHN DOES 1-6 did intentionally attempt or threat to inflict injury on plaintiff, with an apparent ability to cause the harm, and that said actions created a reasonable apprehension of bodily harm or offensive contact in the plaintiff.

47. That defendants, UZIVERT LLC, and JOHN DOES 7-12, did intentionally attempt or threat to inflict injury on plaintiff, with an apparent ability to cause the harm, and that said actions created a reasonable apprehension of bodily harm or offensive contact in the plaintiff.

48. That by reason of the foregoing, and the malicious and intentional acts of the defendants,

Case 1:24-cv-05642-LLS   Document 1-1   Filed 07/25/24   Page 11 of 16

MONEY TEAM LLC, and JOHN DOES 1-6, plaintiff has been injured and suffered damages, general, special, and punitive in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

49. That by reason of the foregoing, and the malicious and intentional acts of the defendants, UZIVERT LLC, and JOHN DOES 7-12, plaintiff has been injured and suffered damages, general, special, and punitive in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

50. That by reason of the foregoing, and the malicious and intentional acts of the defendants, plaintiff has been rendered sick, sore, lame, and disabled; that he has experienced pain, suffering, and a loss of enjoyment of life, and will experience same in the future; that he has been obliged to expend and will expend in the future; sums of money for medical aid and attention; and that he has been unable to attend his usual avocation and activities, has suffered a loss and other benefits as a result and believes he will continue to suffer same in the future.

### AS AND FOR A FOURTH CAUSE OF ACTION: INTENTIONAL TORT: BATTERY

51. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

52. That the aforesaid occurrence and resulting injuries to plaintiff were due to the willful, wanton, reckless, and/or malicious conduct of the defendants, MONEY TEAM LLC and JOHN DOES 1-6 individually and/or in concert with other defendants.

53. That the aforesaid occurrence and resulting injuries to plaintiff were due to the willful, wanton, reckless, and/or malicious conduct of the defendants, UZIVERT LLC, and JOHN DOES 7-12 individually and/or in concert with other defendants.

54. That the defendants, the MONEY TEAM LLC, and JOHN DOES 1-6, without cause or provocation, battered the plaintiff, causing injury and damages, with an utter indifference to the safety of others, and specifically the safety of plaintiff.

55. That the defendants, the UZIVERT LLC, and JOHN DOES 7-12, without cause or provocation, battered the plaintiff, causing injury and damages, with an utter indifference to the safety of others, and specifically the safety of plaintiff.

56. That the defendants, the MONEY TEAM LLC, and JOHN DOES 1-6 intentional touching of, or application of force to the body of the plaintiff, in a harmful and offensive manner and without the plaintiff's consent, caused injuries and damages to the plaintiff.

57. That the defendants, the UZIVERT LLC, and JOHN DOES 7-12 intentional touching of, or application of force to the body of the plaintiff, in a harmful and offensive manner and without the plaintiff's consent, caused injuries and damages to the plaintiff.

58. That the conduct of defendants, the MONEY TEAM LLC, and JOHN DOES 1-6 exhibited a reckless disregard for human life and safety and more particularly, for the life and safety of plaintiff.

59. That the conduct of defendants, the UZIVERT LLC, and JOHN DOES 7-12 exhibited a reckless disregard for human life and safety and more particularly, for the life and safety of plaintiff.

60. That the defendants herein engaged in an intentional attempt or threat to inflict injury on plaintiff, coupled with an apparent ability to cause the harm, which created a reasonable apprehension of bodily harm or offensive contact in the plaintiff.

61. That by reason of the foregoing, and the malicious and intentional acts of the defendants, the MONEY TEAM LLC, JOHN DOES 1-6, UZIVERT LLC, and JOHN DOES 7-12, plaintiff has

been injured and suffered damages, general, special, and punitive, in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

62. That by reason of the foregoing, and the malicious and intentional acts of the defendants, plaintiff has been rendered sick, sore, lame, and disabled; that he has experienced pain, suffering, and a loss of enjoyment of life, and will experience same in the future; that he has been obliged to expend and will expend in the future; sums of money for medical aid and attention; and that he has been unable to attend his usual avocation and activities, has suffered a loss and other benefits as a result and believes he will continue to suffer same in the future.

## AS AND FOR A FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

64. That the defendants engaged in extreme or outrageous conduct and intentionally caused severe emotional distress and bodily harm to the plaintiff.

65. That the acts of defendants described herein were an intention infliction of emotional distress against the plaintiff, and the plaintiff suffered damages pursuant thereto, and he will continue to suffer same in the future.

66. That defendants, through extreme, outrageous, negligent, and reckless behavior, caused severe emotional distress, mental trauma, and/or bodily harm to the plaintiff; that defendants engaged in extreme and outrageous conduct; with an intent to cause, or disregard of a substantial probability of causing, severe emotional distress; and there lies a casual connection between the conduct and injury; and resulting severe emotional distress.

67. That by reason of the foregoing, plaintiff requests an award of punitive damages, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION, AND SUPERVISION AND RESPONDEAT SUPERIOR

68. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above with the same force and effect as if more fully set forth herein.

69. Defendants, FLOYD JOY MAYWEATHER, JR., and the MONEY TEAM LLC placed their employees, JOHN DOES 1-6 in a position to cause foreseeable harm, harm which the plaintiff would have been spared had the employer taken reasonable care in supervising or retaining the employees. Defendants, FLOYD JOY MAYWEATHER, JR., and the MONEY TEAM LLC knew or should have known of JOHN DOES 1-6 propensity for the conduct that caused the injury.

70. Defendants, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT" and the UZIVERT LLC placed their employees, JOHN DOES 7-12 in a position to cause foreseeable harm, harm which the plaintiff would have been spared had the employer taken reasonable care in supervising or retaining the employees. Defendants, SYMERE BYSIL WOODS a/k/a, "LIL UZI VERT" and the UZIVERT LLC knew or should have known of JOHN DOES 7-12 propensity for the conduct that caused the injury.

71. Defendants, JOHN DOES 1-6 were acting in the scope of their employment when they failed to properly execute their duties.

72. Defendants, JOHN DOES 7-12 were acting in the scope of their employment when they failed to properly execute their duties.

73. Defendants, JOHN DOES 1-6, were performing actions to further their employers' interest, or to carry out duties incumbent upon the employees in furthering the employers' business.

74. Defendants, JOHN DOES 7-12, were performing actions to further their employers' interest, or to carry out duties incumbent upon the employees in furthering the employers' business.

75. That by reason of the foregoing, plaintiff requests an award of damages, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, that by reason of the foregoing, and the malicious and intentional acts of the defendants, plaintiff, ABDULLAH ALI has been rendered sick, sore, lame, and disabled; that he has experienced pain, suffering, and a loss of enjoyment of life, and will experience same in the future; that he has been obliged to expend and will expend in the future; sums of money for medical aid and attention; and that he has been unable to attend his usual avocation and activities, has suffered a loss and other benefits as a result and believes he will continue to suffer same in the future.

**WHEREFORE**, plaintiff ABDULLAH ALI demands judgement and award against defendants, individually and/or collectively, on the **FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION**, in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with costs and disbursements of this action, and such other and further relief as to this Court seems just proper and equitable.

Dated: New York, New York
    June 17, 2024

Yours, etc.,

Michael A. Rose, Esq.
Corey Morgenstern, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York 10016
T.212.779.0057
F.212.779.0028

Matthew J. Blit, Esq.
LEVINE & BLIT, PLLC
800 Westchester Ave, Suite S-322
Rye Brook, NY 10573
(212) 967-3000

Case 1:24-cv-05642-LLS    Document 1-1    Filed 07/25/24    Page 16 of 16

## PLAINTIFF VERIFICATION

STATE OF NEW YORK        )
                                     )ss:
COUNTY OF NEW YORK   )


I, ABDULLAH ALI, being duly sworn, depose and say:


I am one of the plaintiffs in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true.

X _____
                ABDULLAH ALI


Sworn to before me


__17__ day of __June____, 2024

_____
Notary Public

GEORGE W. ILCHERT
NOTARY PUBLIC, State of New York
No. 02IL4961879
Qualified in New York County
Commission Expires Feb. 5, 2026