UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ABDULLAH ALI,                                        Case No.: 1:24-CV-05642-LLS

     Plaintiff,

   -against-

FLOYD JOY MAYWEATHER JR.,
MONEY TEAM LLC, JOHN DOES 1-6,
SYMERE BYSIL WOODS A/K/A, "LIL
UZI VERT", UZIVERT LLC, AND JOHN
DOES 7-12,

     Defendants.

_____

## DEFENDANTS SYMERE BYSIL WOODS A/K/A, "LIL UZI VERT," AND UZIVERT LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

FACTUAL BACKGROUND ........................................................................................................2

    A.    Rule 12(b)(6) Motion ...................................................................................2

    B.    Rule 12(b)(2) Motion ...................................................................................3

LEGAL STANDARD ............................................................................................................5

    A.    Standard of Review for Rule 12(b)(2) .........................................................5

    B.    Standard of Review for Rule 12(b)(6) .........................................................6

ARGUMENT ........................................................................................................................6

I.    THE WOODS DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ...................................................................................6

    A.    Plaintiff Fails to Adequately Plead that the Woods Defendants Are Subject to General Jurisdiction. ...........................................................................6

    B.    Plaintiff Does Not Adequately Plead Specific Jurisdiction Under New York's Long Arm Statute ..........................................................................8

        1.    *Plaintiff's Claims Do Not Arise Out Of Defendants' Transaction of Business in New York.* ...............................................................8

        2.    *Plaintiff Fails To Allege That Defendants Committed A Tort In New York.* ....................................................................................10

        3.    *Plaintiff Fails To Allege That Defendants' Out Of State Contacts Caused Injury In New York.* ...................................................12

        4.    *Plaintiff Alleges No Claim Based On Defendants' Ownership Of Real Property In New York.* ...............................................13

    C.    Exercising Specific Personal Jurisdiction Over the Woods Defendants Would Not Comport with Due Process. ..................................................13

        1.    *Plaintiff Fails To Allege Minimum Contacts.* .............................14

        2.    *Specific Jurisdiction In The Southern District of New York Would Be Unreasonable.* ....................................................................15

II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ..............................................................................................16

    A.    Plaintiff Fails to Adequately State a Claim for Negligence. ...................16

    B.    Plaintiff Fails to Adequately State Claims for Assault and Battery. ........18

    C.    Plaintiff Fails to Adequately State a Claim for Negligent Infliction of Emotional Distress or Intentional Infliction of Emotional Distress. .......19

    D.    Plaintiff Fails to Adequately State a Claim for Negligent Hiring, Retention, and Supervision ..................................................................21

E.      Plaintiff Should Not Be Afforded Leave to Amend. ..............................................23

CONCLUSION................................................................................................................................24

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aquiline Cap. Partners LLC v. FinArch LLC*,
   861 F. Supp. 2d 378 (S.D.N.Y. 2012).......................................................................................15

*Arzu v. Am. Airlines, Inc.*,
   690 F. Supp. 3d 242 (S.D.N.Y. 2023).....................................................................................5, 8

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
   480 U.S. 102 (1987)...................................................................................................................15

*Bah v. City of New York*,
   2014 WL 1760063 (S.D.N.Y. May 1, 2014) ...............................................................17, 18, 22

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   305 F.3d 120 (2d Cir. 2002).........................................................................................................5

*Beacon Enters., Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983).........................................................................................................8

*Bell Atl. Corp v. Twombly*,
   550 U.S. 544 (2007).....................................................................................................................6

*Berrio v. City of New York*,
   2017 WL 118024 (S.D.N.Y. Jan. 10, 2017) .............................................................................21

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007).......................................................................................................13

*Bracken v. MH Pillars Inc.*,
   2016 WL 7496735 (S.D.N.Y. Dec. 29, 2016) .............................................................................9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*,
   582 U.S. 255 (2017)...................................................................................................................14

*Brown v. Montefiore Med. Cntr.*,
   2019 WL 4454230 (S.D.N.Y. May 8, 2019) .......................................................................18, 19

*Capak v. Epps*,
   2020 WL 3073210 (S.D.N.Y. June 10, 2020) ...........................................................................23

*Capak v. St. Execs Mgmt.*,
   2021 WL 2666007 (S.D.N.Y. June 20, 2021) .................................................................6, 22, 23

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018).........................................................................11, 14, 15

*Chau v. Donovan*,
   357 F. Supp. 3d 276 (S.D.N.Y. 2019).....................................................................17

*Cheikhaoui v. New York City*,
   2023 WL 5917646 (S.D.N.Y. Sept. 11, 2023)........................................16, 17, 20, 21, 22, 23

*Colodney v. Continuum Health Partners, Inc.*,
   2004 WL 829158 (S.D.N.Y. Apr. 15, 2004).............................................................20, 22, 23

*Common Cents Distrib., LLC v. CURLS Beauty Brands, LLC*,
   2021 WL 4226182 (S.D.N.Y. Sept. 15, 2021)...............................................................10

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG*,
   2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015).................................................................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014).......................................................................................6

*Daou v. BLC Bank, S.A.L.*,
   42 F.4th 120 (2d Cir. 2022) .............................................................................8

*DeLorenzo v. Ricketts & Assocs., Ltd.*,
   2017 WL 4277177 (S.D.N.Y. Sept. 25, 2017), *aff'd sub nom. DeLorenzo v.*
   *Viceroy Hotel Grp., LLC*, 757 Fed. App'x 6 (2d Cir. 2018)................................................7

*Dempsey v. City of Rochester*,
   2020 WL 7047493 (W.D.N.Y. Nov. 30, 2020) .............................................................17

*E. New York Sav. Bank v. Republic Realty Mortg. Corp.*,
   61 A.D.2d 1001, 402 N.Y.S.2d 639 (1978) ...............................................................11

*Edrei v. City of New York*,
   254 F. Supp. 3d 565 (S.D.N.Y. 2017)....................................................................23

*Edwardo v. Roman Cath. Bishop of Providence*,
   66 F.4th 69 (2d Cir. 2023) .........................................................................10, 11

*Gleissner v. Turk Hava Yollari Anonim Ortakligi*,
   2018 WL 456296 (S.D.N.Y. Jan. 17, 2018) ...............................................................8

*Green v. City of Mt. Vernon*,
   96 F. Supp. 3d 263 (S.D.N.Y. 2015).....................................................................23

*Gucci Am., Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014)............................................................................7

*Ingraham v. Carroll*,
  90 N.Y.2d 592 (1997) ....................................................................................12

*J.H. v. City of Mount Vernon*,
  2019 WL 1639944 (S.D.N.Y. Apr. 15, 2019) ...............................................19, 20, 21

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998).............................................................................4

*Jonas v. Est. of Leven*,
  116 F. Supp. 3d 314 (S.D.N.Y. 2015)................................................................5

*Karabu Corp. v. Gitner*,
  16 F. Supp. 2d 319 (S.D.N.Y. 1998)................................................................11

*Karron v. N.Y.C. Transit Auth.*,
  659 N.Y.S. 2d 27 (1st Dep't 1997) ..................................................................22

*Kreutter v. McFadden Oil Corp.*,
  71 N.Y.2d 460 (1988) ....................................................................................10

*Lear v. Royal Caribbean Cruises Ltd.*,
  2021 WL 1299489 (S.D.N.Y. Apr. 7, 2021)......................................................13

*Liaros v. Vaillant*,
  1996 WL 88559 (S.D.N.Y. Mar. 1, 1996) ..........................................................9

*Liu v. Rajacic*,
  2023 WL 2118071 (S.D.N.Y. Feb. 17, 2023)...............................................18, 19

*Long Side Ventures LLC v. Hempacco Co.*,
  2023 WL 6386888 (S.D.N.Y. Sept. 29, 2023)....................................................12

*In re Lyman Good Dietary Supps. Litig.*,
  2018 WL 3733949 (S.D.N.Y. Aug. 6, 2018)..............................................18, 19, 20

*Martin v. City of New York*,
  2008 WL 1826483 (S.D.N.Y. April 23, 2008) .....................................................6

*Mirza v. Dolce Vida Med. Spa, LLC*,
  2024 WL 307969 (S.D.N.Y. Jan. 26, 2024) .........................................................7

*Newton v. City of New York*,
  681 F. Supp. 2d 473 (S.D.N.Y. Jan. 27, 2010) ..................................................22

*O'Neill v. Hernandez*,
  2009 WL 860647 (S.D.N.Y. Mar. 31, 2009) ................................................19, 20

*Orlando v. Nxt-ID Inc.*,
  2021 WL 1143766 (S.D.N.Y. Mar. 23, 2021) .......................................................14

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010)......................................................................................5

*R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*,
  959 F.3d 509 (2d Cir. 2020)..................................................................................16

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*,
  15 F. Supp. 3d 409 (S.D.N.Y. 2014)......................................................................7

*Ross v. Mitsui Fudosan, Inc.*,
  2 F. Supp. 2d 522 (S.D.N.Y. 1998) ......................................................................11

*Salmon v. Blesser*,
  802 F.3d 249 (2d Cir. 2015)..................................................................................21

*Schoolcraft v. City of New York*,
  103 F. Supp. 3d 465 (S.D.N.Y. 2015)...................................................................21

*Seabrooks v. Brown*,
  2019 WL 5450445 (S.D.N.Y. Oct. 24, 2019) .......................................................13

*Seaweed, Inc. v. DMA Prod. & Design & Mktg. LLC.*,
  219 F. Supp. 2d 551 (S.D.N.Y. 2002)....................................................................4

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014)....................................................................................7

*Swarna v. Al-Awadi*,
  622 F.3d 123 (2d Cir. 2010)..................................................................................11

*Swindell v. Florida E. Coast Ry. Co.*,
  42 F. Supp. 2d 320 (S.D.N.Y. 1999).....................................................................12

*Thomas v. Ashcroft*,
  470 F.3d 491 (2d Cir. 2006)................................................................................3, 4

*United Nat'l Ins. Co. v. Tunnel, Inc.*,
  988 F.2d 351 (2d Cir. 1993)..................................................................................17

*Universal Reinsurance Co. v. St. Paul Fire And Marine Ins. Co.*,
  224 F.3d 139 (2d Cir. 2000)....................................................................................6

*Virgin Enters. Ltd. v. Virgin Eyes LAC*,
  2009 WL 3241529 (S.D.N.Y. Sept. 30, 2009).......................................................9

*Vivar v. City of New York*,
    2020 WL 1505654 (S.D.N.Y. Mar. 30, 2020) ........................................................21

*Wen v. N.Y.C. Reg'l Cntr., LLC*,
    695 F. Supp. 3d 517 (S.D.N.Y. 2023)..................................................................24

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)..................................................................................5

### Statutes

N.Y. Surr. Ct. Proc. Act § 103 ....................................................................................6

### Other Authorities

CPLR § 301 ...................................................................................................................7

CPLR § 302 ...................................................................................................................5

CPLR § 302(a)(1) ......................................................................................................8, 10

CPLR § 302(a)(3) ........................................................................................................12

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 2, 6, 16

Defendants Symere Bysil Woods ("Woods") and Uzivert LLC ("Uzivert") (collectively, the "Woods Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss the complaint (Dkt. No. 1-1, "Compl." or "Complaint") for lack of personal jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Abdullah Ali ("Plaintiff") seeks to hold the Woods Defendants liable for negligence, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, retention, and supervision that purportedly occurred in New York based on nothing more than a bare recitation of the basic elements of the New York long arm statute and his various tort claims. In reality, the Complaint does not allege *any* facts sufficient to place Woods, Uzivert, or the Court on notice of the events that gave rise to his claims or the grounds for haling Woods and Uzivert to a jurisdiction foreign to them to defend against his meritless allegations. Nor could it, because the Woods Defendants did not commit the alleged assault. They have never met nor interacted with Plaintiff prior to this lawsuit. They have no affiliation or relationship with Defendants Floyd Mayweather, Jr. or Money Team LLC. And the alleged assault occurred when the Woods Defendants were at a record release party at a separate location. The Complaint does not allege otherwise—even under the applicable liberal pleading standards, it is woefully deficient. The Woods Defendants are entitled to dismissal.

***First***, Plaintiff failed to demonstrate that this Court has personal jurisdiction over Woods and Uzivert. Neither of the Woods Defendants is a citizen of or at home in New York, so there is no basis to confer general jurisdiction over them. Moreover, other than parroting provisions of the New York long arm statute, Plaintiff utterly fails to allege *any* facts sufficient to substantiate any of those provisions or demonstrate that conferring jurisdiction over the Woods Defendants would satisfy due process: he failed to identify a single business transaction that established a substantial

nexus between Woods, Uzivert, and New York, and he improperly attempts to hold Woods and Uzivert liable for the alleged tortious acts of its purported agents, in the face of contrary and binding Second Circuit law.  Absent a valid basis for personal jurisdiction, the Woods Defendants should be dismissed from this action.

**Second**, the Complaint falls far short of applicable pleading standards—liberal as they are—for the claims asserted.  Other than asserting that he was located on a public street on June 27, 2023 when the purported incident occurred, Plaintiff does not allege a single fact detailing what exactly happened: the Complaint does not identify ***who*** purportedly "attacked" him or ***how*** he was purportedly attacked, ***what*** either of the Woods Defendants did to participate in the incident, or ***what*** injuries he suffered.  In short, Plaintiff provides no description of the alleged attack whatsoever.  Instead, Plaintiff's entire Complaint rests on the type of conclusory allegations and threadbare recitals of the elements of his causes of action that courts routinely find insufficient to withstand a motion to dismiss.  Moreover, in light of the lack of even a ***single*** well-pled fact to support these claims, there is no amount of additional investigation that would cure these deficiencies because no such facts exist.  Any amendment would be futile.

For the reasons detailed further below, the Woods Defendants should be dismissed from this case, with prejudice.

## **FACTUAL BACKGROUND**

### A.    **Rule 12(b)(6) Motion**[1]

On June 27, 2023, Plaintiff was standing on Park Avenue South between East 29th and 30th Streets in Manhattan, a public roadway, in proximity to the Verizon Store.  (Compl. ¶¶ 26, 27.)  At a time not identified in the Complaint, Plaintiff was purportedly "attacked, assaulted, and/or

---

[1]    The Woods Defendants accept the allegations in the Complaint as true solely for purposes of this Motion and reserve their rights to contest them in the future.

battered" by Defendants Money Team LLC, John Does 1-6, Uzivert, and John Does 7-12. (*Id.* ¶ 28.) Plaintiff also identifies John Does 7-12 as being associated with the Woods Defendants and asserts that they are "friends and/or colleagues, and/or cohorts, and/or co-conspirators," or "employees, agents, and/or servants" of the Woods Defendants. (*Id.* ¶¶ 20-22.) To the extent they are agents or employees of the Woods Defendants, Plaintiff asserts that their job duties include "security matters and the protection of" Woods. (*Id.* ¶ 21.) Plaintiff also contends that during the course of the alleged attack, he was "observing a Rolls Royce vehicle that was parked in a MONEY TEAM LLC labeled trailer" in the vicinity of his location. (*Id.* ¶ 30.) Plaintiff further asserts that during the alleged attack, Defendants Money Team LLC, John Does 1-6, Uzivert, and John Does 7-12 "failed to act to prevent or intervene in an altercation, initiated by the defendants." (*Id*. ¶ 29.) Notably, Plaintiff does not allege that Woods participated in the purported attack nor does he allege that Woods failed to intervene or prevent the altercation. (*See Id*. ¶¶ 28-29.) Finally, Plaintiff asserts that, as a result of this altercation, he suffered damages. (*Id*. ¶ 28.)

That is the extent of Plaintiff's allegations. There is nothing more in his 75-paragraph Complaint. Plaintiff does not allege that he saw Woods at the scene of the alleged incident or that he even *knows* Woods. Moreover, he does not describe the incident at all. Plaintiff does not allege *what time* the incident occurred, *which* of the defendants did *what* to him, *whether* any of the defendants said anything to him, *how* he was purportedly attacked, or *what* type of injuries he suffered.

## B.    Rule 12(b)(2) Motion[2]

Defendant Symere Bysil Woods is a musician and hip-hop artist known as Lil Uzi Vert. Woods was born and raised in Pennsylvania. (Sept. 3, 2024 Declaration of Symere Bysil Woods

---

[2]    Although the Court must accept the well-pled factual allegations in the Complaint as true and resolve all factual disputes in Plaintiff's favor, *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir.

("Woods Decl.") ¶ 2.)  Their family still lives in Pennsylvania.  (*Id*.)  And Woods is a Pennsylvania

citizen.  (*Id*. ¶ 3.)  Their permanent residence is in Pennsylvania.  (*Id*.)  They pay state taxes in

Pennsylvania.  (*Id*.)  They are registered to vote in Pennsylvania.  (*Id*.)  In sum, Woods intends to

stay and remain in Pennsylvania.  (*Id*. ¶ 4.)  Until April of this year, the only state in which Woods

ever owned property was California.  (*Id*. ¶ 6.)  Woods does not own property or permanently

reside in New York.  (*Id*.)

Defendant Uzivert is a limited liability company formed by Woods.  (*Id*. ¶ 5.)  Woods is

the sole member of Uzivert.  (*Id*.)

On June 26, 2023, Woods announced their latest album, *The Pink Tape* would be released

on June 30, 2023.  (*Id*. ¶ 9.)  To promote *The Pink Tape*, Woods traveled to New York to host an

album release party called *The Pink Prom*.  (*Id*.)  *The Pink Prom* occurred on June 27, 2023 at

Irving Plaza, located at 17 Irving Plaza, New York, New York 10003.  (*Id*. ¶ 10.)  Much of the

music media and social media covered the event and photographed Woods there.  (*Id*.)

Nearly one year later, on June 17, 2024, Plaintiff Abdullah Ali filed a complaint against

Woods, Uzivert, and the purported agents of Uzivert identified as John Does 7–12.  (*See* Compl.

¶¶ 14-30.)  The Complaint also names Floyd Mayweather, Jr., Money Team LLC, and John Does

1–6 as Defendants—parties that neither Woods nor Uzivert know, associate with, or have any

affiliations with.  (*Id*. ¶¶ 1-13.)  Plaintiff claims that on June 27, 2023—the same night as *The Pink

Prom* event—he was in between East 29th and 30th streets on Park Avenue, in proximity to the

Verizon store located at 424 Park Ave South, which is nearly a mile north of Irving Plaza.  (*Id*. ¶

---

2006), the Court is not "bound to accept as true a legal conclusion couched as a factual allegation"
or to accept conclusory allegations that "lack the factual specificity necessary to confer
jurisdiction," *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998), and where
jurisdiction is challenged, a court "may look to evidence outside the pleadings." *Seaweed, Inc. v.
DMA Prod. & Design & Mktg. LLC.*, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002).

26.).  Plaintiff then claims that he was assaulted and battered by John Does 7-12, the purported

agents of Uzivert.  (*Id.* ¶ 28.)

## LEGAL STANDARD

### A.    Standard of Review for Rule 12(b)(2)

"[P]laintiff bears the burden of establishing that a court has jurisdiction over the defendant

when served with a Rule 12(b)(2) motion to dismiss."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d

196, 208 (2d Cir. 2001).  To survive a motion to dismiss, Plaintiff "must make a prima facie

showing that jurisdiction exists." *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)

(citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010).  "Such a

showing entails making legally sufficient allegations of jurisdiction, including an averment of facts

that, if credited[,] would suffice to establish jurisdiction over the defendant."  *Id*. (alteration in

original).

"[R]esolution of a motion to dismiss for lack of personal jurisdiction made in the Southern

District of New York requires a two-step analysis."  *Arzu v. Am. Airlines, Inc.*, 690 F. Supp. 3d

242, 247 (S.D.N.Y. 2023) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305

F.3d 120, 124 (2d Cir. 2002)).  "First, the court must determine if New York law would confer

upon its courts the jurisdiction to reach the defendant, such as under the New York general

jurisdiction statute (*i.e.*, N.Y. Civil Practice Law and Rules ('CPLR') § 301) and the long-arm

statute (*i.e.*, N.Y. CPLR § 302)."  *Id*.  "Second, if such a basis for jurisdiction exists, the court then

must determine whether the extension of jurisdiction is permissible under the Due Process Clause

of the Fourteenth Amendment."  *Id*.; *see also Cortlandt St. Recovery Corp. v. Deutsche Bank AG*,

2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (prima facie showing of general or specific

personal jurisdiction requires both a "statutory basis" for jurisdiction and "accordance with

constitutional due process principles.").

### B.    Standard of Review for Rule 12(b)(6)

When reviewing a motion to dismiss under Rule 12(b)(6), a court is only required to accept

*well pled* factual allegations as true, and should "giv[e] no effect to legal conclusions couched as

factual allegations." *Capak v. St. Execs Mgmt.*, 2021 WL 2666007, *2 (S.D.N.Y. June 20, 2021).

A complaint that fails to plead "enough facts to state a claim to relief that is plausible on its face"

is subject to dismissal. *Id.* (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "Bald

contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations

and will not defeat the motion." *Martin v. City of New York*, 2008 WL 1826483, *2 (S.D.N.Y.

April 23, 2008) (alterations and internal quotations omitted). Similarly, "a formulaic recitation of

the elements of a cause of action will not do." *Capak*, 2021 WL 2666007, at *2.

## ARGUMENT

### I.    THE WOODS DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### A.    Plaintiff Fails to Adequately Plead that the Woods Defendants Are Subject to General Jurisdiction.

The Complaint fails to allege any facts that would support asserting general jurisdiction

over the Woods Defendants.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the

individual's domicile." *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Under New York

law, a person's domicile is defined as "a fixed, permanent and principal home to which a person

wherever temporarily located always intends to return." N.Y. Surr. Ct. Proc. Act § 103; *see also*

*Universal Reinsurance Co. v. St. Paul Fire And Marine Ins. Co*., 224 F.3d 139, 141 (2d Cir. 2000)

("[E]stablishing one's domicile in a state generally requires both physical presence there and intent

to stay."). General jurisdiction over a company exists pursuant to CPLR § 301 when that company

"has engaged in such a continuous and systematic course of 'doing business' [in New York] that

a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). Even where general jurisdiction under Section 301 exists, a court must independently ensure that due process is satisfied. *See DeLorenzo v. Ricketts & Assocs., Ltd.*, 2017 WL 4277177, *6-7 (S.D.N.Y. Sept. 25, 2017), *aff'd sub nom. DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 Fed. App'x 6 (2d Cir. 2018). Due process requires that a company can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic' … that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014). "Aside from 'an exceptional case' … a corporation is at home (and thus subject to general jurisdiction, consistent with due process) ***only*** in a state that is the company's formal place of incorporation or its principal place of business." *Id.* (emphasis added). The same standard applies for limited liability companies. *See Mirza v. Dolce Vida Med. Spa, LLC*, 2024 WL 307969, *8–9 (S.D.N.Y. Jan. 26, 2024) (granting motion to dismiss where defendant limited liability company was not "at home" in New York).

Despite Plaintiff's conclusory allegations (Compl. ¶¶ 15-18), neither of the Woods Defendants are subject to general jurisdiction in New York. Woods' domicile is in Pennsylvania. (Woods Decl. ¶ 2-4.) Their permanent home is in Pennsylvania and their intent is to remain in Pennsylvania. (*Id.* ¶ 3-4) (stating Woods' permanent residence is in Pennsylvania, that they pay Pennsylvania state taxes, and is registered to vote in Pennsylvania). Woods does not own property in New York. (*Id.* ¶ 6.) And even if Woods occasionally rents property in New York, (*id.* ¶ 8), that is not sufficient to confer general jurisdiction. *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 416 (S.D.N.Y. 2014) ("[R]enting an apartment in the forum fails to amount to the minimum contacts necessary to find general jurisdiction."). Relatedly, Uzivert is a limited liability company formed by Woods. (Woods Decl. ¶ 5.) Its sole member is Woods, who is domiciled in

Pennsylvania.  (*Id.* ¶ 5.)  As such, there is no basis to find Uzivert "at home" in New York.  *Arzu*, 690 F. Supp. 3d at 249 ("Defendant is neither incorporated in New York nor does it have its principal place of business in New York.  Thus, the Court cannot assert general personal jurisdiction over Defendant in this case."); *see also Gleissner v. Turk Hava Yollari Anonim Ortakligi*, 2018 WL 456296, at *3 (S.D.N.Y. Jan. 17, 2018) (no personal jurisdiction under *Daimler* where neither defendant's state of incorporation nor its principal place of business was in New York).  Accordingly, there is no basis to confer general jurisdiction over the Woods' Defendants.

**B.    Plaintiff Does Not Adequately Plead Specific Jurisdiction Under New York's Long Arm Statute.**

*1.    Plaintiff's Claims Do Not Arise Out Of Defendants' Transaction of Business in New York.*

Plaintiff fails to assert any facts to demonstrate that the Woods Defendants transacted business in New York to satisfy the long arm statute.  Pursuant to CPLR § 302(a)(1), Plaintiff must demonstrate that the Woods Defendants (1) "transacted business within the state; and (2) the claim asserted … arise[s] from that business activity."  *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 129 (2d Cir. 2022) (quotations omitted).  This section "is typically invoked for a cause of action against a defendant who breaches a contract with plaintiff or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York."  *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983) (internal citation omitted).  Plaintiff's Complaint fails to satisfy either element.

**First**, Plaintiff does not identify ***a single*** business transaction Woods, Uzivert, or their purported agents engaged in while in New York.  Nor does Plaintiff allege any breach of contract or commercial tort claims against either of the Woods Defendants.  Instead, Plaintiff relies on the conclusory allegation that Uzivert "transacted business within the State of New York; regularly

did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York." (Compl. ¶ 9.) But conclusory allegations that merely restate the jurisdictional elements of personal jurisdiction will not do. *Virgin Enters. Ltd. v. Virgin Eyes LAC*, 2009 WL 3241529, *3 (S.D.N.Y. Sept. 30, 2009) ("Here, [plaintiff] makes only one conclusory allegation that 'defendants ... transacted businesses (sic) with one or more persons located in New York.' Such unsubstantiated assertions fail to meet even the minimal *prima facie* showing required to establish personal jurisdiction under § 302(a)(1).") (cleaned up); *see Liaros v. Vaillant*, 1996 WL 88559, *5 (S.D.N.Y. Mar. 1, 1996) (noting that conclusory allegations of transacting business, without more, "cannot suffice to establish personal jurisdiction under section 302(a)(1)"); *see also Bracken v. MH Pillars Inc*., 2016 WL 7496735, *4, n.5 (S.D.N.Y. Dec. 29, 2016) ("The allegation that [defendant] 'transact[s] business' in New York merely restates the relevant jurisdictional test, and is thus too conclusory to establish a prima facie showing of jurisdiction under Section 302(a)(1).")

**Second**, Plaintiff fails to allege **how** his claims arise from Woods, Uzivert, or their alleged agents' purported business contacts with New York. Although Woods was in New York for business to promote their latest album release at the *Pink Prom* event at Irving Plaza on the night the alleged incident occurred, Plaintiff does not allege that he attended the *Pink Prom*, that his alleged injuries occurred at the *Pink Prom* event, or that the purported attack otherwise arose from conduct related to Woods or John Does 7-12's attendance at *Pink Prom*. Indeed, Plaintiff does not even allege that Woods engaged in the alleged incident at all. Rather, Plaintiff asserts that John Does 7-12—purportedly unnamed agents or employees of the Woods Defendants—committed the conduct that led to his injuries and occurred at a completely separate location unaffiliated with the

Woods Defendants' business contacts.  (Compl. ¶¶ 26-30.)  That is insufficient to establish "the required substantial nexus" to confer jurisdiction under CPLR § 302(a)(1).  *Common Cents Distrib., LLC v. CURLS Beauty Brands, LLC*, 2021 WL 4226182, *4 (S.D.N.Y. Sept. 15, 2021) (finding plaintiff's allegations of defendants' tortious activity "did not arise from the defendants' specific business transactions in New York.").

      2.     *Plaintiff Fails To Allege That Defendants Committed A Tort In New York.*

Plaintiff also fails to allege sufficient facts to demonstrate that the Woods Defendants committed a tort in New York.  Section 302(a)(2) extends specific jurisdiction only to claims arising from tortious acts committed "within the state."  *Id.*  Plaintiff claims that he was assaulted and battered by Uzivert and its unnamed agents, John Does 7-12, within New York, and that such injury was the result of Woods and Uzivert's negligence and negligent supervision.  (*See* Compl. ¶¶ 31–37; 43–62; 68–75.)  To be clear, Plaintiff does not allege that Woods physically assaulted or battered him.  Instead, Plaintiff seeks to hold the Woods Defendants liable for the alleged tortious conduct of its unnamed agents.  (*Id.* ¶ 21.)  This theory, however, fails as a matter of both New York and Second Circuit law.

"To be considered an agent under section 302[(a)(2)], the alleged agent must have acted 'for the benefit of and with the knowledge and consent' of the non-resident principal and the non-resident principal must have 'exercised some control over' the alleged agent."  *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 74 (2d Cir. 2023) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)).  "Under New York law, although an employee's tortious acts are imputable to the employer if done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions, an employer is not liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's

business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144 (2d Cir. 2010) (citing cases); *see also Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998).

Here, Plaintiff fails to allege ***how*** the purported unnamed agents of Uzivert (1) acted for the benefit of and with the knowledge and consent of the Woods Defendants, (2) acted in furtherance of the Woods Defendants' business, or (3) were under the Woods Defendants' control when they purportedly made physical contact with Plaintiff.  *See Edwardo*, 66 F.4th at 74 (affirming order granting motion to dismiss where plaintiff failed to allege agent acted "for the benefit of" defendant).  Nor does Plaintiff allege that Woods or Uzivert requested the presence of John Does 7-12 in New York specifically to commit tortious conduct against Plaintiff.  *See id*. at 74–75; *see E. New York Sav. Bank v. Republic Realty Mortg. Corp.*, 61 A.D.2d 1001, 402 N.Y.S.2d 639 (1978) (holding that a tortfeasor is an agent of a nondomiciliary under § 302(a) only where the nondomiciliary "requested the performance of those activities in New York, and those activities benefit it").

Plaintiff resorts only to conclusory allegations that John Does 7-12 "were acting within the course of their employment with defendant, UZIVERT LLC."  (Compl. ¶ 24.)  Such "sparse allegations of agency, however, are too conclusory to make a prima facie showing of personal jurisdiction."  *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 86 (2d Cir. 2018); *see also, e.g., Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) ("To make a prima facie showing of 'control,' a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question; control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation.").  As such, the exercise

of specific jurisdiction over the Woods Defendants on this type of agency theory is precluded as a matter of law.

        3.    *Plaintiff Fails To Allege That Defendants' Out Of State Contacts Caused Injury In New York.*

Jurisdiction under CPLR § 302(a)(3) may be exercised over a non-domiciliary who: (1) commits a tortious act outside of the state; (2) which causes injury within the state; and either (3) "*regularly* does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in New York, or (4) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Ingraham v. Carroll*, 90 N.Y.2d 592, 596 (1997) (affirming dismissal).

Plaintiff's Complaint does not satisfy any of these elements. First, Plaintiff failed to identify a tortious act that either Woods or Uzivert purportedly committed outside of New York that caused injury within New York. Second, Plaintiff failed to plausibly allege that Woods or Uzivert regularly conducted business within New York, or that the parties should have reasonably expected their actions to have consequences in New York while deriving substantial revenue therefrom. Plaintiff only makes the conclusory jurisdictional allegation that repeats—verbatim— the text of the statute without ever providing specific and plausible factual allegations that identify *what* those business services are or *how* they are related to his alleged injuries. (Compl. ¶ 19.) That is insufficient to confer jurisdiction. *See Swindell v. Florida E. Coast Ry. Co.*, 42 F. Supp. 2d 320, 326 (S.D.N.Y. 1999) (granting motion to dismiss where "plaintiff has not presented us with sufficient evidence to assure that the defendant's overall contact with New York is substantial enough to make it reasonable to subject the defendant to jurisdiction in the state" under § 302(a)(3)(i)); *see also Long Side Ventures LLC v. Hempacco Co.*, 2023 WL 6386888, *7

(S.D.N.Y. Sept. 29, 2023) (granting motion to dismiss after plaintiff "failed to … plead any facts in support of" jurisdiction under Section 302(a)(3)(ii)).  Accordingly, Plaintiff has not met his burden here.

          4.     *Plaintiff Alleges No Claim Based On Defendants' Ownership Of Real Property In New York.*

Section 302(a)(4) provides for jurisdiction over one who "owns, uses or possesses any real property situated within the state" if the plaintiff can demonstrate "a relationship between the property and the cause of action sued upon." *Lear v. Royal Caribbean Cruises Ltd.*, 2021 WL 1299489, *11 (S.D.N.Y. Apr. 7, 2021) (quotations omitted). "Under this provision of the statute, it is not enough for the property to be related in some way to the parties' dispute; the plaintiff's cause of action must arise out of the fact of ownership, use or possession of New York realty." *Id.* (quotations and brackets omitted).  Plaintiff does not allege that Woods or Uzivert own or possess property in this District or New York, or that his claims relate to any real property possessed by Woods or Uzivert in New York. *See Seabrooks v. Brown*, 2019 WL 5450445, *4 (S.D.N.Y. Oct. 24, 2019) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to allege any relationship between defendant's properties in New York and plaintiff's claims).  That is because Woods does not own property in New York.  (Woods Decl. ¶ 6.)  Thus, this basis is inapplicable.

## C.    Exercising Specific Personal Jurisdiction Over the Woods Defendants Would Not Comport with Due Process.

"The reach of New York's long-arm statute … does not coincide with the limits of the Due Process Clause.  Analysis under it therefore may involve two separate inquiries, one statutory and one constitutional." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).  Even assuming Plaintiff's threadbare allegations satisfy New York's longarm statute—they do not—the Complaint does not pass Constitutional muster.  The Woods Defendants should be dismissed.

      1.     *Plaintiff Fails To Allege Minimum Contacts.*

Plaintiff failed to allege facts sufficient to satisfy the first step in the due process analysis. The first step requires a court to "evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test." *Charles Schwab Corp.*, 883 F.3d at 82 (citation omitted).  This minimum contacts test also requires a court to assess whether "the claim arises out of, or relates to, the defendant's contacts with the forum" and, if so, "minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Id.* (citation omitted).

Here, Plaintiff has not alleged ***how*** his tort claims arise out of or relate to the Woods Defendants' presence in New York at a completely unrelated and separate location from the scene of the alleged incident.  Plaintiff does not even allege that Woods was present for the alleged incident when it occurred.  Nor could he, because neither of the Woods Defendants were present during the alleged attack.  Thus, even if the Woods Defendants purposefully availed themselves of the privilege of doing business in New York by hosting the *Pink Prom* event, none of Plaintiff's claims arise out of or relate to these specific New York contacts, so there is no basis for asserting specific jurisdiction against them.  *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (because "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction," when there is no such connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."); *see Orlando v. Nxt-ID Inc.*, 2021 WL 1143766, *4 (S.D.N.Y. Mar. 23, 2021) (granting motion to dismiss where "the Court ha[d] little doubt that Garmin transacts business in New York, but Plaintiffs fail[ed] to allege that their claims arise out of Garmin's New York business activities.").

14

2.    *Specific Jurisdiction In The Southern District of New York Would Be Unreasonable.*

Even assuming Plaintiff did adequately allege that his claims arose out of the Woods Defendants' minimum contacts with New York, exercising personal jurisdiction over them would be unreasonable.  For this analysis, "[a] court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief.  It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Aquiline Cap. Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 391 (S.D.N.Y. 2012) (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)).

Here, jurisdiction in the Southern District of New York would not "comport with fair play and substantial justice." *Charles Schwab Corp.*, 883 F.3d at 82.  As an initial matter, Woods is a Pennsylvania citizen.  He will be greatly inconvenienced at having to litigate this case in New York—doing so would require constant travel for hearings, discovery, and a potential trial, all at Woods' expense and jeopardizing his professional career.  More importantly, Plaintiff's Complaint fails to allege how or why Woods and Uzivert are involved in this action in a manner sufficient to demonstrate that they are properly named parties.  Indeed, Plaintiff alleges *no facts whatsoever* that put Woods or Uzivert on notice of *how* their presence in New York is in any way related to Plaintiff's claims.  Thus, the interests of justice and comity tilt against a finding of jurisdiction in New York because it would be a waste of valuable judicial system resources pursuing a frivolously filed Complaint that implicates wrongfully named parties.

The Court should dismiss the Woods Defendants for lack of personal jurisdiction.

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Even assuming this Court could properly exercise jurisdiction over the Woods Defendants, the Complaint should nevertheless be dismissed for failure to state a claim.  It is entirely conclusory and rests on little more than threadbare recitals.  Indeed, other than allegations concerning residency, the identity of the parties, and that Park Avenue South is a public roadway and/or thoroughfare (Compl. ¶ 27), Plaintiff's **only** factual assertion is contained in a single paragraph— that he was "observing a Rolls Royce vehicle that was parked in a MONEY TEAM LLC labeled trailer at or near the aforesaid location" when the alleged incident occurred.  (*Id.* ¶ 30.)  Plaintiff does not even allege that Woods participated in this purported attack.  Put simply, Plaintiff falls far short of his pleading requirements.  Rule 12(b)(6) demands dismissal.

### A.   Plaintiff Fails to Adequately State a Claim for Negligence.

Plaintiff's failure to identify any "special duty" owed to him by the Woods Defendants is fatal to his negligence claim.  "Absent a duty running *directly* to the injured person *there can be no liability in damages, however careless the conduct or foreseeable the harm*."  *R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 516 (2d Cir. 2020); *Cheikhaoui v. New York City*, 2023 WL 5917646, *9 (S.D.N.Y. Sept. 11, 2023) ("liability for negligence may not be imposed in the absence of a special duty").  Conclusory allegations will not suffice—the identification of a special duty and the facts supporting the existence of such a duty must be pled.  *Cheikhaoui*, 2023 WL 5917646, at *9 (conclusory statements of special duty are "not sufficient to meet the pleading requirements").

The Complaint alleges that Woods and others "owed a duty … to use reasonable care to restrain themselves from conducting themselves in a vicious manner" (Compl. ¶ 33), and that Uzivert "owed a duty to plaintiff to see that its employees, agents, servants, representatives, or

other, use reasonable care to protect plaintiff … to prevent an unreasonable risk to harm to plaintiff." (*Id.* ¶ 35.) These are the exact type of conclusory allegations that courts routinely reject. *Cheikhaoui*, 2023 WL 5917646, at *9 (rejecting allegation that "each defendant … owed Plaintiff a duty of care, including the duty to prevent him from being assaulted, battered, falsely arrested, falsely charged and maliciously prosecuted" as conclusory); *Dempsey v. City of Rochester*, 2020 WL 7047493, *8 (W.D.N.Y. Nov. 30, 2020) ("no allegations about a special duty in the negligence allegations" warranted dismissal).  In any event, Plaintiff pleads no facts to support ***how*** or ***why*** the Woods Defendants owed Plaintiff any such duties.

Moreover, as the Complaint rests on "intentional and deliberate" conduct, negligence claims cannot lie.  "The Second Circuit has recognized 'the mutual exclusivity of negligence and battery.'"  *Chau v. Donovan*, 357 F. Supp. 3d 276, 290 (S.D.N.Y. 2019).  A plaintiff cannot seek "to recover by 'dressing up the substance' of one claim… a battery, in the 'garments' of another … negligence."  *United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 354 (2d Cir. 1993).  Where "conduct alleged, if true, may only give rise to liability for an intentional act, a claim of negligence may be dismissed."  *Chau*, 357 F. Supp. 3d at 290; *Bah v. City of New York*, 2014 WL 1760063, *13 (S.D.N.Y. May 1, 2014) ("harm predicated on an intentional act may not give rise to a claim of negligence.").  Plaintiff claims he was "attacked, assaulted, and/or battered" and that his injuries resulted from this attack.  (Compl. ¶ 28 (attack caused "personal, economic, and other injury"); *id.* ¶ 29 ("altercation" was source of plaintiff's injuries).)  By any plausible reading of the Complaint, the conduct at issue is assault and battery—intentional torts.  Negligence claims cannot be sustained.  *Chau*, 357 F. Supp. 3d at 290 ("Any given act may be intentional or it may be negligent, but it cannot be both.") (quoting Dan B. Dobbs et al., Dobbs' Law of Torts § 31 (2d ed. 2018)); *see also Cheikhaoui*, 2023 WL 5917646, at *8 (negligence dismissed where complaint pleads

17

"injuries and damages were caused by the commission of various intentional torts" and "does not allege that any negligent acts on the part of Defendants caused Plaintiff's injuries"). Plaintiff's assertion that the Woods Defendants "failed to act to prevent or intervene in an altercation" will not save his claim. This threadbare, conclusory allegation—like the others contained in the Complaint—fail to state a valid claim. *Bah*, 2014 WL 1760063, at *13 (dismissing negligence claim where only "conclusory allegations that the [defendants] acted negligently" were pled in complaint). The negligence claim should be dismissed.

### B.    Plaintiff Fails to Adequately State Claims for Assault and Battery.

Assault in New York requires proof of "intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact," and battery requires a showing that "there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent." *Brown v. Montefiore Med. Cntr.*, 2019 WL 4454230, *11 (S.D.N.Y. May 8, 2019); *In re Lyman Good Dietary Supps. Litig.*, 2018 WL 3733949, *5 (S.D.N.Y. Aug. 6, 2018). Both claims require proof of intent to survive. *Liu v. Rajacic*, 2023 WL 2118071, *3 (S.D.N.Y. Feb. 17, 2023) ("[i]ntentional torts require proof of intent, not mere negligence"). Plaintiff's failure to assert tortious intent is fatal to both.

Plaintiff alleges his injuries "were due to the willful wanton, reckless, and/or malicious conduct of the defendants" and that they "exhibited a reckless disregard for human life and safety." (Compl. ¶¶ 53, 59.) But he does not allege a single fact to support these conclusions. Indeed, the entire description of the attack is contained in two, repetitive and utterly conclusory paragraphs. (*Id.* ¶¶ 28, 30 (he was "attacked, assaulted and/or battered … causing serious personal, economic, and other injury" "while [he] was observing a Rolls Royce vehicle").) But Plaintiff fails to describe **how** he was attacked, **who** attacked him, **which** defendant did **what**, or **what** personal, economic, or other injuries he suffered. The Complaint certainly does not describe any conduct

that could plausibly be considered "willful wanton, reckless, and/or malicious" nor does it explain how the Woods Defendants "exhibited a reckless disregard for human life and safety."  Indeed, Plaintiff does not even allege that he saw Woods, let alone that Woods participated in the attack. (*Id.* ¶¶ 28, 30.)  A complaint so devoid of factual data cannot remotely meet the applicable pleading standards.  *See e.g., Liu*, 2023 WL 2118071, at *3 (allegations against company insufficient where individual defendants were identified as perpetrators); *Brown*, 2019 WL 4454230, at *11 (dismissing assault claim despite allegations that defendant "threatened [her] with physical harm," and "stood near her in an aggressive and intimidating posture" and yelled "words to the effect of: 'You'll see.  You're going to get yours.'"); *In re Lyman*, 2018 WL 3733949, at *5 (dismissing claims for assault and battery where complaint "offers only one threadbare allegation as to the intent necessary for either assault or battery").  These claims should be dismissed.

### C.    Plaintiff Fails to Adequately State a Claim for Negligent Infliction of Emotional Distress or Intentional Infliction of Emotional Distress.

The pleading standard for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") is "rigorous, and difficult to satisfy."  *J.H. v. City of Mount Vernon*, 2019 WL 1639944, *5 (S.D.N.Y. Apr. 15, 2019).  The elements for both claims overlap, except an IIED claim also requires proof of tortious intent.  *See O'Neill v. Hernandez*, 2009 WL 860647, *10 (S.D.N.Y. Mar. 31, 2009).  A New York IIED claim requires a Plaintiff to plead: (1) "extreme and outrageous conduct"; (2) "intent to cause, or disregard of a substantial probability of causing, severe emotional distress"; (3) "a causal connection between the conduct and injury"; and (4) "several emotional distress."  *J.H.*, 2019 WL 1639944, at *5. "Liability can be found 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

19

and utterly intolerable in a civilized community.'" *Id.*; *O'Neill*, 2009 WL 860647, at *10 (same). The Complaint falls woefully short of this rigorous standard.

Once again, the Complaint merely parrots the claims' legal elements. Plaintiff asserts that the Woods Defendants "intentionally caused severe emotional distress and bodily harm," (Compl. ¶ 64), and "engaged in extreme and outrageous conduct." (*Id.* ¶ 66.) But Plaintiff's failure to describe the purported conduct they engaged in or the "severe emotional distress he suffered" makes it impossible for them—and the Court—to ascertain whether that conduct is so extreme or outrageous to warrant an IIED or NIED claim. *See Cheikhaoui*, 2023 WL 5917646, at *11 ("allegations of suffering from severe emotional distress must be supported with objective evidence and not speculative claims"); *In re Lyman*, 2018 WL 3733949, at *6 (dismissal warranted where plaintiff failed to "explain how [the defendants'] conduct goes 'beyond all possible bounds of decency'"); *Colodney v. Continuum Health Partners, Inc.*, 2004 WL 829158, *8 (S.D.N.Y. Apr. 15, 2004) (dismissing, with prejudice, IIED claim where plaintiff "has not alleged sufficient facts … that, even if true, would constitute a claim for the intentional infliction of emotional distress"). For the same reason, there can be no inference of the intent necessary to support an IIED claim. *See In re Lyman*, 2018 WL 3733949, at *6 (dismissing claim where "[n]othing in the Amended Complaint raises a plausible inference that the … Defendants acted with the intent to cause … Plaintiff emotional distress"). Plaintiffs' reliance on conclusory allegations cannot carry the day. *J.H.*, 2019 WL 1639944, *5 (dismissing IIED claim where plaintiff only asserted conclusory allegation that defendant "engaged in conduct toward [plaintiff] that is extreme and outrageous so as to exceed the bounds of decency in a civilized society").

Further, any misconduct in the Complaint—had it been properly pled—could be remedied through traditional tort claims. New York NIED and IIED claims "may be invoked only as a last

resort, … to provide relief in those circumstances where traditional theories of recovery do not." *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015) (affirming dismissal of IIED claim); *Vivar v. City of New York*, 2020 WL 1505654, *16 (S.D.N.Y. Mar. 30, 2020) (same). They "may never be brought when the challenged conduct falls well within the ambit of other traditional tort liability." *Vivar*, 2020 WL 1505654, at *16. The Complaint sounds in traditional tort—his NIED and IIED claims are precluded. *Salmon*, 802 F.3d at 256-57 (affirming dismissal of IIED claim where "alleged conduct would have been actionable under state law as a battery"); *Vivar*, 2020 WL 1505654, at *16 (dismissing IIED and NIED claims where plaintiff "has alleged no conduct … that does not 'fall within the ambit of traditional tort law'—namely, false arrest, medical malpractice, assault, and battery"); *Berrio v. City of New York*, 2017 WL 118024, *7 (S.D.N.Y. Jan. 10, 2017) (same); *J.H.*, 2019 WL 1639944, at *5 (same). They must be dismissed.[3]

### D.    Plaintiff Fails to Adequately State a Claim for Negligent Hiring, Retention, and Supervision

"New York law does not permit a claim for negligent hiring, training, retention or supervision where the defendants act in the scope of their employment." *Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 521-22 (S.D.N.Y. 2015) (collecting cases). Here, Plaintiff's own allegations foreclose recovery. Plaintiff alleges—repeatedly—that John Does 7-12 "were acting in the scope of their employment" for the Woods Defendants. (Compl. ¶¶ 24, 72, 74.) The Complaint pleads no facts to the contrary—i.e., that these John Does were not acting within the scope of their employment—to the extent they were actually employees. Dismissal is proper. *Schoolcraft*, 103 F. Supp. 3d at 522 (dismissing claim where third amended complaint and

---

[3]    The NIED claim is also infirm for the independent reason that, like the negligence claim, it requires facts supporting the existence of "special duty" *owed to Plaintiff by the* Woods Defendants. *Cheikhaoui*, 2023 WL 5917646, at *11 (dismissing NIED that did not allege special duty in nonconclusory fashion).

defendant admitted "that the individual defendants acted within the scope of their employment"); *Bah*, 2014 WL 1760063, at *14 ("where an employee is acting within the scope of his or her employment, … no claim may proceed against the employer for negligent hiring or retention.'") (citing *Karron v. N.Y.C. Transit Auth.*, 659 N.Y.S. 2d 27, 29 (1st Dep't 1997)); *Newton v. City of New York*, 681 F. Supp. 2d 473, 494 (S.D.N.Y. Jan. 27, 2010) (granting summary judgment to defendants where no "employee acted outside the scope of his or her employment"); *Colodney*, 2004 WL 829158, at *8 (dismissing, with prejudice, negligent supervision and recruitment where "facts … only support an inference that [defendant] was acting within the scope of her employment").

In any event, Plaintiff's failure to demonstrate that the Woods Defendants "knew or should have known" of any employee's purported propensity for the conduct that caused the injury is fatal. *See Cheikhaoui*, 2023 WL 5917646, at *9 (proof "that the employer 'knew or should have known of the employee's propensity for the conduct which caused the injury' prior to the injury's occurrence" is essential); *see also Capak v. St. Execs Mgmt.*, 2021 WL 2666007, *4 (S.D.N.Y. June 29, 2021). *Capak* is instructive. There, Plaintiff asserted claims for assault, battery, and negligent hiring and retention in connection with an alleged altercation between him and a bodyguard working for the hip hop artist, 2 Chainz. *Capak*, 2021 WL 2666007, at *1. Plaintiff alleged that Defendant "failed to exercise reasonable care in its hiring of" the bodyguard. *Id.* at *4. But the court held that the complaint was "devoid of any facts tending to show that, at the time [the bodyguard] was hired, he had a propensity for violence that was known" to defendant. *Id.* Indeed, the complaint only contained threadbare recitals of the elements of the claim that the court found to be "plainly insufficient." *Id.* Plaintiff's claim for negligent hiring, retention, and supervision is nearly indistinguishable from *Capak*: his only allegations are conclusory, unmoored

to any factual support. (Compl. ¶ 70.) This claim should be dismissed. *See Cheikhaoui*, 2023 WL 5917646, at *9 (dismissing claim where complaint "does not allege any facts suggesting that [defendants] knew or had any reason to know about" any purported propensity for "the conduct which caused the injury prior to the injury's occurrence"); *Green v. City of Mt. Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015) (same); *Edrei v. City of New York*, 254 F. Supp. 3d 565, 583 (S.D.N.Y. 2017).[4]

### E.    Plaintiff Should Not Be Afforded Leave to Amend.

Though "[l]eave to amend will be freely given when justice so requires," "[w]here it appears that granting leave to amend is unlikely to be productive, … it is not an abuse of discretion to deny leave to amend." *Colodney*, 2004 WL 829158, at *6. Accordingly, where amendment would be futile, a court is well within its discretion to dismiss a complaint with prejudice. *Id.* Here, the Complaint is entirely speculative, conclusory, and contains only threadbare recitals of the legal elements of the claims. This is not a case where the complaint falls short of one or two elements—every single element germane to every single cause of action is entirely unsupported by facts. This is not a lack of sufficient investigation—it is a lack of the ***existence*** of facts to support these claims. Amendment would be futile. *Id.* (dismissing, with prejudice, negligence, IIED, and negligent supervision and recruitment claims of *pro se* plaintiff—whose pleadings are subject to less stringent pleading standards than represented parties—where amendment would be

---

[4] Plaintiff also appears to assert that some unidentified number of the defendants should be held liable under a theory of respondeat superior. "New York law provides than an employer may be held vicariously liable for the intentional torts and negligence of an employee acting within the scope of his or her employment." *Capak v. Street Execs Mgmt.*, 2021 WL 2666007, *2 (S.D.N.Y. June 20, 2021). Plaintiff alleges that the job duties of John Does 7-12 includes "security matters and the protection of the defendant." (Compl. ¶ 22.) Even assuming this allegation is true, the Woods Defendants cannot be held vicariously liable for any purportedly violent conduct of John Does 7-12, because the Plaintiff has failed to allege any facts that would lead to an inference that "using violence or physical contact" was within the scope of their purported employment *Capak*, 2021 WL 2666007, at *3 (citing *Capak v. Epps*, 2020 WL 3073210 (S.D.N.Y. June 10, 2020)).

futile); *Wen v. N.Y.C. Reg'l Cntr., LLC*, 695 F. Supp. 3d 517, 550, n.20 (S.D.N.Y. 2023) (dismissing with prejudice where "[p]laintiffs do not request leave to replead and do not 'identify [any] additional facts or legal theories that [they] might assert if given the opportunity to replead'") (alterations in original).  Dismissal with prejudice is warranted.

## CONCLUSION

In light of the foregoing, the Woods Defendants respectfully request that the Court grant their motion and dismiss them from Plaintiff's case, with prejudice, for: (1) lack of personal jurisdiction; and (2) failure to state a cause of action against either Defendant.

DATED: September 3, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____

Alex Spiro
Joanna Menillo
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

Mari F. Henderson (*pro hac vice*)
Julian T. Schoen (*pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendants*
*Symere Bysil Woods and Uzivert LLC*