Case No. 1:24-CV-05642-LLS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

ABDULLAH ALI,

     Plaintiff,

       - against -

FLOYD JOY MAYWEATHER JR.,
MONEY TEAM LLC, JOHN DOES 1-6,
SYMERE BYSIL WOODS A/K/A "LIL UZI VERT",
UZIVERT LLC, and JOHN DOES 7-12,

     Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS
SYMERE BYSIL WOODS A/K/A "LIL UZI VERT"
AND UZIVERT LLC'S MOTION PURSUANT TO
FRCP 12(b)(2) and 12(b)(6) TO DISMISS THE COMPLAINT
AND IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR ALTERNATIVE RELIEF**

HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

- and -

LEVINE & BLIT, PLLC
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
(212) 967-3000

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    The Woods Defendants' Instant Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I

    THE WOODS DEFENDANTS ARE SUBJECT TO
    SPECIFIC JURISDICTION UNDER CPLR 302 . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The Woods Defendants Committed a Tort in New York . . . . . . . . . . . . . . . 3

    B.    The Woods Defendants' Transact Business in New York . . . . . . . . . . . . . 7

    C.    The Exercise of Jurisdiction Over the Woods Defendants
        Comports with Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT II

    ALTERNATIVELY, THE COURT SHOULD
    PERMIT JURISDICTIONAL DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT III

    THE COMPLAINT SHOULD NOT BE DISMISSED SINCE
    IT ADEQUATELY STATES CLAIMS FOR THE RELIEF
    REQUESTED THEREIN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    A.    Assault and Battery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    B.    Respondeat Superior and/or
        Negligent Hiring, Retention and Supervision . . . . . . . . . . . . . . . . . . . . 17

    C.    Intentional Infliction of Emotional Distress
        and Negligent Infliction of Emotional Distress . . . . . . . . . . . . . . . . . . . 20

    D.    Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

POINT IV

     ALTERNATIVELY, IF THE COURT FINDS THAT ANY
     OF THE CLAIMS ALLEGED IN THE COMPLAINT REQUIRE
     FURTHER FACTUAL DETAIL, THEN PLAINTIFF REQUESTS
     LEAVE TO FILE AN AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# **TABLE OF AUTHORITIES**

**Page**

**Cases:**

America/Intl. 1994 Venture v. Mau, 146 A.D.3d 40, 42 N.Y.S.3d 188 (2d Dep't 2016) . . . . . . . 3

APWU v. Potter, 343 F.3d 619 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102,
        107 S.Ct. 1026 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Astor Chocolate Corp. v. Elite Gold Ltd., 510 F. Supp. 3d 108 (S.D.N.Y. 2020) . . . . . . . . . 8, 9

Babikian v. Nikki Midtown, LLC, 60 A.D.3d 470, 875 N.Y.S.2d 20 (1st Dep't 2009) . . . . . . . 18

Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194 (2d Cir. 1990) . . . . . . . . . . . . . . . . . 2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . 14

Bender v. City of New York, 78 F.3d 787 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brown v. Riverside Church in City of New York,  216 N.Y.S.3d 144,
        ___N.Y.S.3d___  (1st Dep't 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22, 23

Campoverde v. Sony Pictures Ent., No. 01 CIV. 7775(LAP),
        2002 WL 31163804, at 10 (S.D.N.Y. Sept. 30, 2002) . . . . . . . . . . . . . . . . . . . . . 16, 17, 22

Capak v. St. Execs Mgmt., No. 20-CV-11079 (RA), 2021 WL 2666007, at 2
        (S.D.N.Y. June 29, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Cedar Swamp Holdings, Inc. v. Zaman, 472 F. Supp. 2d 591 (S.D.N.Y. 2007) . . . . . . . . . . . . 11

Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68 (2d Cir. 2018) . . . . . . . . . . . . . . . . . 8

Cheikhaoui v. City of New York, No. 22 CIV 08855 (CM),
        2023 WL 5917646, at 4 (S.D.N.Y. Sept. 11, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Chiesa v. McGregor, 209 A.D.3d 963, 176 N.Y.S.3d 687 (2d Dep't 2022) . . . . . . . . . . . . . . 6, 21

Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010) . . . . . . . . . . . . . . . . . 9

Connor v. Pier Sixty, LLC, 23 Misc.3d 435, 870 N.Y.S.2d 899
(Sup. Ct. New York Co. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Daval Steel Prods. v. M.V. Jurac Dalmatinac, 718 F.Supp. 159 (S.D.N.Y.1989) . . . . . . . . . . . . 12

Doe v. Uber Techs., Inc., 551 F. Supp. 3d 341 (S.D.N.Y. 2021) . . . . . . . . . . . . . . . . . . . . . . 23, 24

Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81 (2d Cir. 2013) . . . . . . . . . . . . . . . . 2

Edrei v. City of New York, 254 F. Supp. 3d 565 (S.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . 22

Edwardo v. Roman Cath. Bishop of Providence, 66 F.4th 69 (2d Cir. 2023) . . . . . . . . . . . . . . . 6

Ehrenfeld v. Mahfouz, 489 F.3d 542 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fauntleroy v. EMM Grp. Holdings LLC, 133 A.D.3d 452,
20 N.Y.S.3d 22 (1st Dep't 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Freihofer v. Hearst Corp., 65 N.Y.2d 135, 490 N.Y.S.2d 735 (1985) . . . . . . . . . . . . . . . . . . . . . 21

Fugazy v. Corbetta, 34 A.D.3d 728, 825 N.Y.S.2d 120 (2d Dep't 2006) . . . . . . . . . . . . . . . . . . 15

Garcia v. Comprehensive Ctr., LLC, No. 17-CV-8970 (JPO),
2018 WL 3918180, at 6 (S.D.N.Y. Aug. 16, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hall v. City of Buffalo, 151 A.D.3d 1942, 59 N.Y.S.3d 224 (4th Dep't 2017) . . . . . . . . . . . . . 22

Howell v. New York Post Co., 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) . . . . . . . . . . . . . . 20, 21

In re: Magnetic Audiotape Antitrust Litigation, 334 F.3d 204 (2d Cir. 2003) . . . . . . . . . . . . . . 11

Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945) . . . . . . . . . . . . . . . . . . . . . . 8, 9

Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Jones v. Hiro Cocktail Lounge, 139 A.D.3d 608, 32 N.Y.S.3d 156 (1st Dep't 2016) . . . . . . . 3, 17

Judith M. v. Sisters of Charity Hosp., 93 N.Y.2d 932, 693 N.Y.S.2d 67 (1999) . . . . . . . . . . . . 6

*Kiobel* v. *Royal Dutch Petroleum Co.*, No. 02 CIV. 7618 KMWHBP,
    2009 WL 3817590, at 4 (S.D.N.Y. Nov. 16, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Kreutter* v. *McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195 (1988) . . . . . . . . . . . . . . . 3

*LaChapelle* v. *Torres*, 1 F. Supp. 3d 163 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Licci* v. *Lebanese Canadian Bank*, 20 N.Y.3d 327, 960 N.Y.S.2d 695 (2012) . . . . . . . . . . . . . . 7

*Liu Jo S.P.A.* v. *Jenner*, 630 F.Supp. 3d 501 (S.D.N.Y. 2022) . . . . . . . . . . . . . . . . 3, 4, 7, 10, 14

*Lombard* v. *Booz-Allen & Hamilton, Inc.*, 280 F.3d 209 (2d Cir. 2002) . . . . . . . . . . . . . . . . . 22

*McCollum* v. *Baldwin*, 688 F. Supp. 3d 117 (S.D.N.Y. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*McLaughlin* v. *Anderson*, 962 F.2d 187 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Nicosia* v. *Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Penguin Grp. (USA) Inc.* v. *Am. Buddha*, 609 F.3d 30 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . 3, 4

*Phillips* v. *Uber Techs., Inc.*, No. 16 CIV. 295 (DAB), 2017 WL 2782036, at 5
    (S.D.N.Y. June 14, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Porat* v. *Lincoln Towers Cmty. Ass'n*, 464 F.3d 274 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 24

*Ramos* v. *Jake Realty Co.*, 21 A.D.3d 744, 801 N.Y.S.2d 566 (1st Dep't 2005) . . . . . . . . . . 4, 17

*Rivera* v. *Puerto Rican Home Attendants Servs., Inc.*,
    930 F. Supp. 124 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Riviello* v. *Waldron*, 47 N.Y.2d 297, 418 N.Y.S.2d 300 (1979) . . . . . . . . . . . . . . . . . . 3, 4, 17, 18

*Ruotolo* v. *City of New York*, 514 F.3d 184 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Shabazz* v. *Bezio*, 511 F. App'x 28 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Smith* v. *Brown*, 296 F. Supp. 3d 648 (S.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Strategem Dev. Corp.* v. *Heron Int'l, N.V.*, 153 F.R.D. 535 (S.D.N.Y.1994) . . . . . . . . . . . . . . . 12

*Troma Entm't Inc.* v. *Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013) . . . . . . . . . . . . . . . 3

United National Insurance Co. v. Waterfront New York Realty Corp.,
    994 F.2d 105 (2d Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc., 216 A.D.3d 1,
    188 N.Y.S.3d 98 (2d Dep't 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9, 10

Williams v. Citigroup Inc., 659 F.3d 208 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Wilson v. Dantas, 128 A.D.3d 176, 9 N.Y.S.3d 187 (1st Dep't 2015),
    aff'd, 29 N.Y.3d 1051 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**:

CPLR 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CPLR 302(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CPLR 302(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

CPLR 3014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22, 23

FRCP 12(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FRCP 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

FRCP 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## PRELIMINARY STATEMENT

Plaintiff Abdullah Ali respectfully submits this memorandum of law in opposition to the motion by defendants Symere Bysil Woods a/k/a "Lil Uzi Vert" and Uzivert LLC (collectively, the "Woods Defendants") to dismiss the complaint as against them pursuant to FRCP 12(b)(2) and 12(b)(6).

Plaintiff also submits this memorandum of law in support of his request for the alternative relief (i) of jurisdictional discovery if the Court determines that plaintiff has not made out a prima facie case of personal jurisdiction; and (ii) for leave to file an amended complaint if the Court determines that any of plaintiff's claims alleged in the complaint require further factual detail.

## STATEMENT OF FACTS

### The Complaint

On June 19, 2024, plaintiff Abdullah Ali commenced this action in the Supreme Court, New York County, by filing a summons and complaint (Dkt. No. 1-1) to recover damages for serious personal injuries he sustained on June 27, 2023 at or about 424 Park Avenue South in Manhattan. The complaint alleges that plaintiff was "attacked, assaulted, and/or battered" by defendants Money Team LLC, John Does 1-6, Uzivert LLC and John Does 7-12 (Complaint, ¶ 28); and that these defendants "without provocation attacked, assaulted, and/or battered plaintiff...while he was observing a Rolls Royce vehicle that was parked in a Money Team LLC labeled trailer at or near the aforesaid location" (Complaint, ¶ 30).

The complaint alleges six causes of action: (i) negligence; (ii) negligent infliction of emotional distress; (iii) assault; (iv) battery; (v) intentional infliction of emotional distress; and (vi) negligent hiring, retention and supervision, and respondeat superior.

Defendant Floyd Joy Mayweather Jr., appeared in this action by service of answer dated August 7, 2024.

The action was subsequently removed to this Court (Dkt. No. 1).

**The Woods Defendants' Instant Motion**

In support of their motion to dismiss the complaint pursuant to FRCP 12(b)(2) and 12(b)(6), the Woods Defendants submit the declaration of defendant Symere Bysil Woods ("Lil Uzi Vert") (Dkt. No. 15). Mr. Woods asserts that he is owner and sole member of Uzivert LLC; that as a touring musician and performance artist, he performs in cities throughout the United States and world; that on June 26, 2023, he announced his latest album and "to promote the album's release, [he] traveled to New York, leased an apartment, and hosted a release party called *The Pink Prom* which took place on June 27, 2023 at Irving Plaza, located at 17 Irving Plaza in Manhattan (Woods Dec., ¶¶ 5, 7, 9, 10).

POINT I

**THE WOODS DEFENDANTS ARE SUBJECT TO SPECIFIC JURISDICTION UNDER CPLR 302**

On a FRCP 12(b)(2) motion to dismiss, the nature of the plaintiff's burden of establishing that the court has personal jurisdiction "varies depending on the procedural posture of the litigation". Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, as here, a plaintiff may carry this burden "by pleading in good faith ... legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations". Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013); Ball v. Metallurgie Hoboken-Overpelt, S.A., supra;

-2-

Troma Entm't Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) ("In other words, a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction'").

The pleadings and affidavits are construed "in the light most favorable to the plaintiff" and all doubts are to be resolved "in the plaintiff's favor". Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010); Liu Jo S.P.A. v. Jenner, 630 F.Supp. 3d 501, 510 (S.D.N.Y. 2022).

**A.    The Woods Defendants**
**Committed a Tort in New York**

CPLR 302(a)(2) provides, in pertinent part, that "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act within the state."

To be considered an "agent" for purposes of CPLR 302(a), an individual must have "engaged in purposeful activities in the State in relation to a transaction for the benefit of and with the knowledge and consent of the defendant and the defendant must have exercised some control over the agent in the matter". America/Intl. 1994 Venture v. Mau, 146 A.D.3d 40, 54, 42 N.Y.S.3d 188 (2d Dep't 2016); Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195 (1988).

Similarly, an employer will be held vicariously liable for an assault committed by an employee who was acting "within the scope of the employment". See, Riviello v. Waldron, 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300 (1979); Jones v. Hiro Cocktail Lounge, 139 A.D.3d 608, 609, 32 N.Y.S.3d 156, 158 (1st Dep't 2016) ("[an attack on plaintiff by a security guard could be

-3-

found to be within the scope of the guard's employment"); accord: <u>Ramos</u> v. <u>Jake Realty Co.</u>, 21

A.D.3d 744, 745, 801 N.Y.S.2d 566, 567-568 (1st Dep't 2005) (pointing out that the employer

"is justly held responsible when the servant through lack of judgment or discretion, or from

infirmity of temper, or under the influence of passion aroused by the circumstances and the

occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury

upon another", citing <u>De Wald</u> v. <u>Seidenberg</u>, 297 N.Y. 335, 338 (1948)).

The employer "need not have foreseen the precise act or manner of the injury as

long as the general type of conduct may have been reasonably expected". <u>Riviello</u> v. <u>Waldron</u>,

<u>supra.</u>

As explained in <u>Riviello</u>, the determination of whether the employer will be liable

for an intentional tort committed by its employee depends upon "the connection between the

time, place and occasion for the act; the history of the relationship between employer and

employee as spelled out in actual practice; whether the act is one commonly done by such an

employee; the extent of departure from normal methods of performance; and whether the specific

act was one the employer could reasonably have anticipated". 47 N.Y.2d at 303, 418 N.Y.S.2d

300.

Here, contrary to the Woods Defendants' contention (Memorandum of Law, at

10), viewing the allegations of the complaint in the light most favorable to the plaintiff and

resolving all doubts in the plaintiff's favor, <u>Penguin Grp. (USA) Inc.</u> v. <u>Am. Buddha</u>, <u>supra</u>; <u>Liu</u>

<u>Jo S.P.A.</u> v. <u>Jenner</u>, <u>supra</u>, the complaint sufficiently alleges that the Woods Defendants

committed a tort in New York as to provide a basis for personal jurisdiction under CPLR

302(a)(2).

-4-

The Woods Defendants do not dispute that the complaint sufficiently alleges the commission of a tort in New York - namely, that plaintiff was "attacked, assaulted, and/or battered" by, inter alia, Uzivert LLC and John Does 7-12 (Complaint, ¶ 28), while plaintiff was observing a Rolls Royce vehicle that was parked in a Money Team LLC labeled trailer at or about 424 Park Avenue South in Manhattan (Complaint, ¶ 30). See, WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc., 216 A.D.3d 1, 6, 188 N.Y.S.3d 98, 104 (2d Dep't 2023) (allegations of the complaint sufficiently demonstrated that defendant committed a tortious act within the State of New York in accordance with the meaning of CPLR 302(a)).

Contrary to the Woods Defendants' contention (Memorandum of Law, at 11), the complaint does not need to specifically allege the precise facts and circumstances as to "how" the Woods Defendants' agents and/or employees acted for the benefit of Uzivert LLC and/or Lil Uzi Vert, in furtherance of the Woods Defendants' interest or were under the Woods Defendants' control at the time of the underlying incident.

Rather, the allegations in the complaint that John Does 7-12 are agents and/or employees of Lil Uzi Vert and/or Uzivert LLC, whose job duties included but were not limited to "security matters and protection of Lil Uzi Vert" (Complaint, ¶ 21-22); that John Does 7-12 were acting within their course of employment at the time of the subject incident (Complaint, ¶ 24); that defendant Lil Uzivert was acting within the course of his employment with defendant Uzivert LLC at the time of the incident (Complaint, ¶ 25); and that (with respect to the sixth cause of action of the complaint for negligent hiring, retention and supervision and respondeat superior) John Does 7-12 were "performing actions to further their employers' interest, or to carry out duties incumbent upon the employees in furthering the employers' business" when the

incident occurred (Complaint, ¶¶ 70, 72, 74), provide a sufficient basis for personal jurisdiction

over the Woods Defendants under CPLR 302(a)(2).  See, WCVAWCK-Doe v. Boys & Girls

Club of Greenwich, Inc., supra; Chiesa v. McGregor, 209 A.D.3d 963, 967, 176 N.Y.S.3d 687,

692 (2d Dep't 2022) (concluding that the allegations in the amended complaint as against the

corporate defendant were sufficient to support personal jurisdiction arising from an assault

committed by an agent of the corporate entity).

   The Woods Defendants' reliance on Edwardo v. Roman Cath. Bishop of

Providence, 66 F.4th 69, 74 (2d Cir. 2023) is misplaced since it is distinguishable on its own

facts.  As the Second Circuit pointed out in Edwardo, a case involving a priest's sexual assault of

a child, New York courts have rejected respondeat superior claims that a church is liable for its

priest's sexual assault of a child upon the ground that the priest departed from his duties solely

for personal reasons not related to the church's business.  See, e.g., Judith M. v. Sisters of

Charity Hosp., 93 N.Y.2d 932, 933, 693 N.Y.S.2d 67 (1999) ("Assuming plaintiff's allegations of

sexual abuse are true, it is clear that the employee here departed from his duties for solely

personal motives unrelated to the furtherance of the [defendant's] business").

   The Woods Defendants' argument is more appropriate for a summary judgment

motion.  The allegations of the complaint are sufficient to invoke personal jurisdiction under

CPLR 302(a)(2) in that the employees and/or agents of Uzivert LLC and/or Lil Uzi Vert

committed a tortious act in New York within the scope of their employment.

**B.    The Woods Defendants'**
**Transact Business in New York**

Under CPLR 302(a)(1), a court may exercise personal jurisdiction over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state" and where plaintiff's "cause of action arises from such business transaction".

The "totality of the defendant's activities" within New York are considered to determine whether a defendant has 'transacted business' in such a way that it constitutes "purposeful activity".   See, CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) ("A nondomiciliary 'transacts business' under CPLR 302(a)(1) when he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws").

A suit will be deemed to have arisen out of a party's activities in New York if there is an "articulable nexus" between the claim asserted and the actions that occurred in New York".   See, Liu Jo S.P.A. v. Jenner, supra, 630 F.Supp.3d at 513 (a claim "arises from" a transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted").   Whether there is an articulable nexus is a "relatively permissive" inquiry.   See, Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 960 N.Y.S.2d 695 (2012) ("causation is not required, and that the inquiry under the statute is relatively permissive"); accord: Wilson v. Dantas, 128 A.D.3d 176, 184, 9 N.Y.S.3d 187, 195 (1ˢᵗ Dep't 2015), aff'd, 29 N.Y.3d 1051 (2017).

Here, the complaint alleges that defendant Uzivert LLC "transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce" (Complaint, ¶ 19).

Plaintiff submits that the above allegations, coupled with the assertion in Mr. Woods' declaration (Dkt No. 15) that he was in New York on the date of the incident in connection with a release party for his new album (Woods Dec., ¶¶ 5, 7, 9, 10), provides a sufficient articulable nexus with plaintiff's claims asserted in the complaint.

C.    **The Exercise of Jurisdiction Over the Woods Defendants Comports with Due Process**

Upon the plaintiff establishing a statutory basis for personal jurisdiction, jurisdiction will be exercised over the defendants where it "comports with due process." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 81–82 (2d Cir. 2018); see generally, Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). The constitutional analysis under the Due Process Clause consists of two separate components: the "minimum contacts" inquiry and the "reasonableness" inquiry. See, Astor Chocolate Corp. v. Elite Gold Ltd., 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020).

The "minimum contacts" inquiry examines "whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction", with the crucial question being whether the defendant has "purposefully avail[ed] itself of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its laws" such that the defendant "should reasonably anticipate being haled into court there". Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

The "reasonableness" inquiry examines "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' - namely, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case. Astor Chocolate Corp. v. Elite Gold Ltd., supra, quoting Int'l Shoe, 326 U.S. at 316. The factors to be considered are the burden that the exercise of jurisdiction will impose on the defendant; the interests of the forum state in adjudicating the case; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and the shared interest of the states in furthering substantive social policies.  See, Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164–65 (2d Cir. 2010); WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc., supra; see generally, Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 113, 107 S.Ct. 1026 (1987).

Plaintiff submits that the allegations in the complaint that the Woods Defendants committed a tortious act in New York within the meaning of CPLR 302(a)(2) in and of itself is sufficient to establish minimum contacts such that the Woods Defendants should reasonably anticipate being haled into court in New York. See, WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc., supra, 216 A.D.3d at 12, 188 N.Y.S.3d at 109 (explaining that plaintiff's prima facie showing that defendant, a nondomiciliary defendant, allegedly committed a tortious act in New York within the meaning of CPLR 302(a)(2), is "in and of itself, sufficient to establish

-9-

minimum contacts such that the Club should reasonably anticipate being haled into court" in New York).

As alleged in the complaint, the employees and/or agents of one or both of the Woods Defendants attacked and assaulted plaintiff in New York, for which the Woods Defendants are liable as the principal or employer of the perpetrators of the attack. The Woods Defendants and their agents/employees were in New York, purposely availing themselves of the privilege of doing business in New York with the launch of Lil Uzi Vert's new album and party in connection therewith, as to reasonably foresee them being haled into Court in New York as a result of a tort committed by them in New York. See, WCVAWCK-Doe v. Boys & Girls Club of Greenwich, Inc., supra; see also, Liu Jo S.P.A. v. Jenner, supra (concluding that defendants purposefully availed themselves of the privilege of doing business in New York and should have "reasonably anticipated being haled into court [h]ere").

The mere fact that the assault on plaintiff did not occur at the *Pink Prom* event has no bearing on whether personal jurisdiction may be exercised over defendants under the circumstances herein.

Contrary to the Woods Defendants' contention (Memorandum of Law, at 15), it cannot be meaningfully disputed that a Court sitting in New York has a legitimate interest in adjudicating a case where the plaintiff was attacked and assaulted in New York. See, e.g., LaChapelle v. Torres, 1 F. Supp. 3d 163, 180 (S.D.N.Y. 2014) (explaining that "New York has an interest in adjudicating alleged torts committed in state").

The Woods Defendants have not demonstrated that they will be materially inconvenienced by litigating this case in New York. Notably, Mr. Woods does not assert in his

-10-

declaration that litigating this matter in New York would impose any hardship or inconvenience

to him.   Rather, the assertion by defendants' counsel (Memorandum of Law, at 15) that Mr.

Woods would be "greatly inconvenienced" by having to litigate the case in New York as it would

require "constant" travel for hearings, discovery and a potential trial, and would allegedly

"jeopardize his professional career" is not based upon personal knowledge and constitutes

nothing more than rank surmise and speculation which is insufficient to demonstrate undue

hardship that the Court's exercise of jurisdiction would impose on the Woods Defendants. See,

e.g., Cedar Swamp Holdings, Inc. v. Zaman, 472 F. Supp. 2d 591, 595 (S.D.N.Y. 2007)

(declaration of attorney who lacks personal knowledge was insufficient to establish undue

hardship).

### POINT II

### ALTERNATIVELY, THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

If a plaintiff has not made a prima facie case of personal jurisdiction, the Court

has broad discretion to permit the plaintiff to conduct jurisdictional discovery. See, In re:

Magnetic Audiotape Antitrust Litigation, 334 F.3d 204 (2d Cir. 2003) (explaining that a district

court errs in granting dismissal without first allowing discovery where the jurisdictional

allegations are "simply insufficiently developed at this time to permit judgment as to whether

personal jurisdiction is appropriate"); Ehrenfeld v. Mahfouz, 489 F.3d 542, 550 n. 6 (2d Cir.

2007) (stating that it would be "legal error" for a district court to "forbid[ ] jurisdictional

discovery any time a plaintiff does not make a prima facie showing of jurisdiction"); Kiobel v.

Royal Dutch Petroleum Co., No. 02 CIV. 7618 KMWHBP, 2009 WL 3817590, at 4 (S.D.N.Y.

Nov. 16, 2009)("It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery and to 'devis[e] the procedures [to] ferret out the facts pertinent to jurisdiction'" quoting <u>APWU</u> v. <u>Potter</u>, 343 F.3d 619, 627 (2d Cir. 2003)).

Jurisdictional discovery may be authorized where a plaintiff has made "a threshold showing that there is some basis for the assertion of jurisdiction". <u>Daval Steel Prods.</u> v. <u>M.V. Jurac Dalmatinac</u>, 718 F.Supp. 159, 162 (S.D.N.Y.1989); <u>Strategem Dev. Corp.</u> v. <u>Heron Int'l, N.V.</u>, 153 F.R.D. 535, 547–48 (S.D.N.Y.1994) (authorizing jurisdictional discovery where plaintiff made a "sufficient start" toward establishing jurisdiction).

Without jurisdictional discovery, "it may be extremely difficult for plaintiffs ... to make a prima facie showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York." <u>Jazini</u> v. <u>Nissan Motor Co.</u>, 148 F.3d 181, 186 (2d Cir. 1998).

Here, plaintiff respectfully submits that if the Court determines that plaintiff has not made out a <u>prima</u> <u>facie</u> case of personal jurisdiction over one or both of the Woods Defendants, then plaintiff should be permitted to conduct jurisdictional discovery since he has made a threshold showing that there is some basis for the assertion of jurisdiction. See, <u>Daval Steel Prods.</u> v. <u>M.V. Jurac Dalmatinac</u>, <u>supra</u>; <u>Strategem Dev. Corp.</u> v. <u>Heron Int'l, N.V.</u>, <u>supra</u>. In particular, plaintiff has demonstrated that the Woods Defendants committed a tort in New York which provides a basis for the assertion of personal jurisdiction under CPLR 302(a)(2).

The information that the Woods Defendants claim is absent from the complaint is exclusively within the knowledge of Mr. Woods and/or Uzivert LLC. For example, the Woods Defendants assert that the complaint does not allege how John Does 7-12 acted for the benefit of and with the knowledge and consent of the Woods Defendants; that they acted in furtherance of

the Woods Defendants' business; and/or were under the Woods Defendants' control when the assault occurred.

However, this information regarding the relationship between John Does 7-12 and Mr. Woods and/or Uzivert LLC is, at this juncture of the litigation, solely within the Woods Defendants' knowledge and control.   If the Court determines that the allegations in the complaint regarding John Does 7-12 being the agents and/or employees of Mr. Woods and/or Uzivert LLC is insufficient to provide a basis for personal jurisdiction over the Woods Defendants, then plaintiff should be entitled to pursue jurisdictional discovery on this issue to ferret out the particular facts pertinent to jurisdiction.   See, APWU v. Potter, supra; Kiobel v. Royal Dutch Petroleum Co., supra.

Additionally, while Mr. Woods asserts in his declaration (¶ 5) that he is the sole owner and member of Uzivert LLC, his declaration is silent as to the LLC's state of formation, where its principal office is located, whether it has an office in New York, and whether it derives substantial revenue in New York.  Mr. Woods also does not state how often he appears in New York to perform or for other business opportunities.   Jurisdictional discovery should be permitted to inquire whether there is general jurisdiction over Uzivert LLC and/or Mr. Woods pursuant to CPLR 301.

Further underscoring the need for jurisdictional discovery is the assertion by defendants' counsel (Memorandum of Law, at 4) that neither Mr. Woods nor Uzivert LLC "know, associate with, or have any affiliations with" defendants Mayweather, Money Team LLC and John Does 1-6.  Counsel's statements are not based upon personal knowledge and Mr. Woods does not assert in his declaration that neither he nor Uzivert LLC know, associate with or

-13-

have any affiliations with the co-defendants.   Since this information is at this point of the

litigation solely within the exclusive knowledge and control of the Woods Defendants, plaintiff

should be permitted discovery to inquire into the relationship, if any, between the Woods

Defendants and the co-defendants, which could provide a basis for jurisdiction over the Woods

Defendants as pertaining to their transaction of business in New York and the claims arising out

of such transaction of business.

**POINT III**

**THE COMPLAINT SHOULD NOT BE DISMISSED SINCE
IT ADEQUATELY STATES CLAIMS FOR THE RELIEF
REQUESTED THEREIN**

To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim,

a complaint must plead "enough facts to state a claim to relief that is plausible on its face".

Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); accord: Liu Jo S.P.A. v. Jenner, supra, at

630 F.Supp.3d at 513-514.  A claim is plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged".  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

FRCP 12(b)(6) "does not impose a probability requirement at the pleading stage;

it simply calls for enough fact to raise a reasonable expectation that discovery will reveal

evidence of" the truth of the allegations.   Twombly, supra, 550 U.S. at 545.  The complaint is

reviewed "liberally, accepting all factual allegations as true, and drawing all reasonable

inferences in the plaintiff's favor".  Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir.

2016).

-14-

Applying the foregoing principles, that branch of the Woods Defendants' motion to dismiss the complaint pursuant to FRCP 12(b)(6) should be denied because the complaint adequately states claims for the relief requested therein.

**A.    Assault and Battery**

As the Second Circuit explained in United National Insurance Co. v. Waterfront New York Realty Corp., 994 F.2d 105, 108 (2d Cir.1993), an assault is "an intentional placing of another person in fear of imminent harmful or offensive contact", and a battery is "an intentional wrongful physical contact with another person without consent".   See, Rivera v. Puerto Rican Home Attendants Servs., Inc., 930 F. Supp. 124, 132–33 (S.D.N.Y. 1996); Fugazy v. Corbetta, 34 A.D.3d 728, 729, 825 N.Y.S.2d 120, 122 (2d Dep't 2006).

The terms assault and battery do not in any way depend "on the degree of violence" because the law "totally prohibits the first and lowest stage, since every individual's person is sacred and no other has the right to touch it".  United National Insurance Co. v. Waterfront New York Realty Corp., supra.

Contrary to the Woods Defendants' contention (Memorandum of Law, at 18-19), the third and fourth causes of action of the complaint adequately state a claim for assault and battery.   As pointed out above, the complaint alleges that on June 27, 2023, at or near the front of the Verizon store located at 424 Park Avenue South in Manhattan, plaintiff was "without provocation, attacked, assaulted and/or battered" by Uzivert LLC and John Does 7-12 while plaintiff "was observing a Rolls Royce vehicle that was parked in a Money Team LLC labeled trailer at or near such location (Complaint, ¶¶ 26, 30).

-15-

The allegations in the complaint that defendants Uzivert LLC and John Does 7-12 "did intentionally attempt or threat to inflict injury on plaintiff, with an apparent ability to cause the harm, and that said actions created a reasonable apprehension of bodily harm or offensive contact in the plaintiff" (Complaint, ¶ 47), adequately state a claim for assault. See, Campoverde v. Sony Pictures Ent., No. 01 CIV. 7775(LAP), 2002 WL 31163804, at 10 (S.D.N.Y. Sept. 30, 2002) (finding that complaint sufficiently stated a claim for assault where it was alleged that defendants' employees physically moved toward plaintiffs threateningly, causing plaintiffs to retreat because they were in fear of imminent harm); Rivera v. Puerto Rican Home Attendants Servs., Inc., supra, 930 F.Supp. at 133 (denying motion to dismiss for failure to state a claim even though plaintiffs did not expressly allege that plaintiffs were placed in apprehension of harmful or offensive bodily contact or injury because the "circumstances conceivably could give rise to the apprehension necessary to an assault").

Similarly, the allegations in the complaint that Uzivert LLC and John Does 7-12 "battered the plaintiff, causing injury and damages"; that the "intentional touching of, or application of force to the body of the plaintiff, in a harmful and offensive manner and without the plaintiff's consent, caused injuries and damages to the plaintiff; that they engaged in an "intentional attempt or threat to inflict injury on plaintiff"; and that defendants "intentional" acts caused plaintiff injury and damages (Complaint, ¶¶ 55, 57, 60, 61), adequately state a claim for battery. See, Rivera v. Puerto Rican Home Attendants Servs., Inc., supra, 930 F.Supp. at 133 (allegations that the defendants "deliberately touched them and that the intended physical contact was offensive and unwelcome", stated a claim for battery); Garcia v. Comprehensive Ctr., LLC, No. 17-CV-8970 (JPO), 2018 WL 3918180, at 6 (S.D.N.Y. Aug. 16, 2018)(intentional punching

-16-

and dragging satisfies the elements of battery).

      The Woods Defendants' assertion (Memorandum of Law, at 18) that the complaint does not assert tortious "intent" is belied by the aforesaid allegations in the complaint in which "intent" is specifically alleged.

      The Woods Defendants' contention (Memorandum of Law, at 18) that the complaint is somehow facially deficient in that it does not describe the factual particulars of "who attacked him, which defendant did what, or what personal economic or other injuries he suffered" is without merit. Under the authorities cited above, the allegations in the complaint adequately state a claim for assault and battery. The underlying particular facts and circumstances of the assault and battery will be developed during pre-trial discovery, particularly since the identity of John Does 7-12 are within the exclusive knowledge and control of the Woods Defendants. See, Campoverde v. Sony Pictures Ent., supra (noting that "[a]t this early point in the litigation, I cannot find that plaintiffs can prove no set of facts in support of their assault claim").

**B.**    **Respondeat Superior and/or**
       **Negligent Hiring, Retention and Supervision**

      As shown in POINT I, supra, an employer will be held vicariously liable for an assault committed by an employee who was acting "within the scope of the employment". See, Riviello v. Waldron, supra; Jones v. Hiro Cocktail Lounge, supra; Ramos v. Jake Realty Co., supra.

      An intentional tort, such as assault or battery, is considered within the scope of employment when the employee who committed the tortious act was authorized to use force by

his or her job duties. See, <u>Smith</u> v. <u>Brown</u>, 296 F. Supp. 3d 648, 655 (S.D.N.Y. 2017);

<u>Fauntleroy</u> v. <u>EMM Grp. Holdings LLC</u>, 133 A.D.3d 452, 453, 20 N.Y.S.3d 22, 23–24 (1st Dep't

2015) (explaining that when security guards are hired to maintain order, the physical force used

by them may be within the scope of their employment"); accord: <u>Babikian</u> v. <u>Nikki Midtown,</u>

<u>LLC</u>, 60 A.D.3d 470, 471, 875 N.Y.S.2d 20 (1st Dep't 2009).

   The determination of whether an individual is an employee, agent or independent

contractor is "fact intensive" and is premature on a pre-answer motion to dismiss the complaint.

See, <u>Cheikhaoui</u> v. <u>City of New York</u>, No. 22 CIV 08855 (CM), 2023 WL 5917646, at 4

(S.D.N.Y. Sept. 11, 2023) (denying motion to dismiss respondeat superior claim, and explaining

that "[i]t will come out in discovery whether Plunkett was employed by OIC Security. . .or by

Apple, and whether he was an employee or an independent contractor); <u>Phillips</u> v. <u>Uber Techs.,</u>

<u>Inc.</u>, No. 16 CIV. 295 (DAB), 2017 WL 2782036, at 5 (S.D.N.Y. June 14, 2017); <u>Connor</u> v. <u>Pier</u>

<u>Sixty, LLC</u>, 23 Misc.3d 435, 870 N.Y.S.2d 899 (Sup. Ct. New York Co. 2009) ("[t]he extent of

this control is a matter which should be explored in discovery and is not an issue which is

amenable to a motion to dismiss").

   Similarly, since the determination of whether a particular act falls within the scope

of the employee's employment depends heavily on the facts and circumstances of each particular

case, that question is normally left to the trier of fact and should not be resolved on a pre-answer

pleading motion to dismiss. See, <u>Riviello</u> v. <u>Waldron</u>, <u>supra</u> (explaining that since the

determination of whether a particular act was within an employee's scope of employment "is so

heavily dependent on factual considerations, the question is ordinarily one for the jury").

Here, the Woods Defendants' argument (Memorandum of Law, ftn "4", at 23) that they cannot be vicariously liable under a theory of respondeat superior for the violent conduct of John Does 7-12 because there are no allegations in the complaint that would lead to the inference that using violence or physical contact was within the scope of their employment, is unavailing.

As a matter of pleading, the complaint, which alleges that the job duties of John Does 7-12 included "security matters and the protection of [Lil Uzi Vert]; that at the time of the incident they were acting within the scope of their employment and were "performing actions to further their employers' interest, or to carry out duties incumbent upon the employees in furthering the employers' business" (Complaint, ¶¶ 22, 70, 72, 74), adequately states a claim for respondeat superior. See, Cheikhaoui v. City of New York, supra ("To state claim for respondeat superior, a plaintiff must plead facts showing, among other things, that the tortious conduct causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests").

Whether John Does 7-12 were employees, agents or independent contracts, the nature of their specific job duties and responsibilities, including whether they were authorized to use force in their job duties, and whether the subject incident occurred within the scope of their employment, are "fact intensive" inquires which will be developed in pre-trial discovery and should not be determined on the instant pre-answer motion to dismiss. See, Cheikhaoui v. City of New York, supra; Phillips v. Uber Techs., Inc., supra; Connor v. Pier Sixty, LLC, supra.

The Woods Defendants' reliance on Capak v. St. Execs Mgmt., No. 20-CV-11079 (RA), 2021 WL 2666007, at 2 (S.D.N.Y. June 29, 2021) is misplaced. In Capak, the Court concluded that plaintiff's claims seeking to hold the corporate defendant vicariously liable for

-19-

assault and battery and negligence were precluded under the doctrine of collateral estoppel due to the Court's finding in a prior action that the alleged perpetrator of the assault was not an employee of the corporate defendant acting in the scope of his employment at the time of the altercation. Here, in contrast, there has been no such determination, and, as noted above, such a determination would be premature at this juncture of the litigation.

Additionally, the allegations in the complaint also state a claim for negligent hiring, retention and supervision. If it is determined that John Does 7-12 were not acting within the scope of their employment at the time of the subject altercation, then plaintiff has pled a viable claim for the alternative relief of negligent hiring, retention and/or supervision. See generally, CPLR 3014 ("[c]auses of action. . .may be stated alternatively"); Brown v. Riverside Church in City of New York, 216 N.Y.S.3d 144, 149, ___N.Y.S.3d___ (1st Dep't 2024) (explaining that "the notion that a plaintiff cannot plead multiple causes of action premised on the same underlying facts and circumstances is inconsistent with CPLR 3014's invitation to plead in the alternative").

**C.    Intentional Infliction of Emotional Distress
        and Negligent Infliction of Emotional Distress**

In order to state a claim of intentional infliction of emotional distress, the complaint must allege that: (a) defendant engaged in "extreme and outrageous" conduct; (b) the conduct was intentional; (c) the conduct caused the distress; and (d) plaintiff suffered severe emotional distress. See, Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996); Howell v. New York Post Co., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350 (1993).

A claim for intentional infliction of emotion distress does not proscribe specific conduct, but "imposes liability based on after-the-fact judgments about the actor's behavior". Howell, supra, 81 N.Y.2d at 122, 596 N.Y.S.2d at 350; Brown v. Riverside Church in City of New York, supra.

Contrary to the Woods Defendants' contention (Memorandum of Law, at 20), the allegations in the complaint that plaintiff was "without provocation, attacked, assaulted and/or battered" by Uzivert LLC and John Does 7-12 while plaintiff "was observing a Rolls Royce vehicle that was parked in a Money Team LLC labeled trailer" at or near such location (Complaint, ¶¶ 26, 30), and that such conduct and behavior was "extreme" and "outrageous" and caused plaintiff severe emotional distress, adequately states a claim for intentional infliction of emotional distress.

Plaintiff submits that being assaulted and physically attacked while merely standing on a public sidewalk observing a luxury motor vehicle being offloaded from a trailer constitutes the type of "extreme and outrageous" behavior that "transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society". Freihofer v. Hearst Corp., 65 N.Y.2d 135, 490 N.Y.S.2d 735, 741 (1985); see also, Chiesa v. McGregor, supra, 209 A.D.3d at 966, 176 N.Y.S.3d at 691–692 (denying dismissal of the intentional infliction of emotional distress cause of action asserted against individual defendant where the complaint sufficiently alleged that McGregor engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community").

-21-

For the same reasons, the allegations in the complaint supporting the second cause of action for negligent infliction of emotional distress, which are premised on the same conduct underlying the intentional infliction of emotional distress claim, sufficiently alleges that the conduct at issue was negligent. See, Hall v. City of Buffalo, 151 A.D.3d 1942, 1944, 59 N.Y.S.3d 224, 226–27 (4th Dep't 2017) (concluding that cause of action for negligent infliction of emotional distress sufficiently alleged that the conduct at issue was negligent).

Even though this same conduct is also characterized as intentional in the complaint, plaintiff is entitled to plead inconsistent and/or alternative theories of liability. See, Brown v. Riverside Church in City of New York, supra; CPLR 3014.

Plaintiff further submits that, at a minimum, at this early point of the litigation, where no discovery has taken place, it would be premature to dismiss these claims. See, Campoverde v. Sony Pictures Ent., supra.

**D.    Negligence**

To state a claim for negligence under New York law the complaint must allege (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach. Edrei v. City of New York, 254 F. Supp. 3d 565, 582 (S.D.N.Y. 2017) quoting Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002)).

Here, contrary to the Woods Defendants' contention (Memorandum of Law, at 15-16), the allegations in the complaint that Lil Uzi Vert, individually and on behalf of Uzivert LLC, and John Does 7-12 owed a duty to plaintiff to use reasonable care to restrain themselves from conducting themselves in a vicious manner so as to create an unreasonable risk of harm to plaintiff; that Uzivert LLC owed a duty to plaintiff to see that its employees, agents, or

-22-

representatives use reasonable care to protect plaintiff and others at the location of the altercation, to prevent unreasonable risk of harm to plaintiff; and that these defendants breached their duty by failing to properly control their conduct and failing to monitor their conduct, which resulted in the subject incident causing injury to plaintiff, adequately states a claim for negligence.

If it is factually determined during this litigation that the altercation which resulted in plaintiff's injuries was not intentional, but rather the result of the defendants' negligence, then plaintiff has pled a viable claim for the alternative relief of negligence. See generally, CPLR 3014; Brown v. Riverside Church in City of New York, supra.

### POINT IV

### ALTERNATIVELY, IF THE COURT FINDS THAT ANY OF THE CLAIMS ALLEGED IN THE COMPLAINT REQUIRE FURTHER FACTUAL DETAIL, THEN PLAINTIFF REQUESTS LEAVE TO FILE AN AMENDED COMPLAINT

Under FRCP 15(a)(2), Courts are instructed to "freely give leave [to amend a pleading] when justice so requires". See, Doe v. Uber Techs., Inc., 551 F. Supp. 3d 341, 372–73 (S.D.N.Y. 2021). This permissive standard is consistent with this Circuit's "strong preference for resolving disputes on the merits". Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).

The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Shabazz v. Bezio, 511 F. App'x 28, 31 (2d Cir. 2013) quoting Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009).

Plaintiff stands by his arguments in POINT III, supra, that the complaint adequately states claims for assault, battery, respondeat superior and/or negligent hiring, supervision and retention, negligence, negligent infliction of emotional distress and intentional infliction of emotional distress.

However, if the Court determines that any of plaintiff's claims require further factual detail, then plaintiff requests leave to file an amended complaint[1]. See, Doe v. Uber Techs., Inc., supra, 551 F. Supp. 3d at 372-373 (in response to plaintiff's request for leave to amend the complaint if the Court found that any of plaintiff's claims required further factual detail, allowing plaintiff an opportunity to amend the complaint to add allegations to support that Uber owed a duty to plaintiff and its passengers as a common carrier, and with additional facts regarding Uber's knowledge of driver's propensity for sexual assault); McCollum v. Baldwin, 688 F. Supp. 3d 117, 133–34 (S.D.N.Y. 2023) (granting plaintiffs leave to amend the complaint as to the claims of defamation and intentional infliction of emotional distress).

---

[1] Plaintiff need not file a formal motion or cross-motion to obtain leave to amend the complaint. See, Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006)("where a plaintiff clearly has expressed a desire to amend, a lack of a formal motion is not a sufficient ground for a district court to dismiss without leave to amend"); McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir.1992) ("[T]he lack of a formal motion is not a sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear").

**CONCLUSION**

For the foregoing reasons, the Woods Defendants' motion should be denied. Alternatively, the Court should permit jurisdictional discovery if it determines that plaintiff has not made out a prima facie case of personal jurisdiction over the Woods Defendants; and, alternatively, plaintiff should be granted leave to file an amended complaint if the Court concludes that any of plaintiff's claims in the complaint require further factual detail.

Dated: New York, New York
      October 24, 2024

Respectfully submitted,

HACH & ROSE, LLP

By: _____
      Michael A. Rose, Esq.
      Corey Morgenstern, Esq.

112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

- and -

Matthew J. Blit, Esq.
LEVINE & BLIT, PLLC
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
(212) 967-3000

*Attorneys for Plaintiff*

-25-