UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/11/25_

ABDULLAH ALI,

                              Plaintiff,

          - against -

FLOYD JOY MAYWEATHER, JR.; MONEY
TEAM, LLC; JOHN DOES 1-6; SYMERE
BYSIL WOODS a/k/a "LIL UZI VERT";
UZIVERT, LCC; and JOHN DOES 7-12,
                              Defendants.

24 Civ. 5642 (LLS)

OPINION & ORDER

        Plaintiff Abdullah Ali alleges Defendants Floyd Mayweather,

Jr.; Money Team, LLC; John Does 1-6; Symere Bysil Woods a/k/a

"Lil Uzi Vert"; Uzivert, LLC; and John Does 7-12 committed

various torts, including, but not limited to, assault, battery,

and negligent hiring.

        Defendants Symere Bysil Woods and Uzivert, LLC,

(collectively, the "Woods Defendants") move to dismiss Ali's

Complaint for lack of personal jurisdiction and failure to state

a claim under Federal Rules of Civil Procedure 12(b)(2) and

12(b)(6). (Dkt. No. 13).

        For the reasons explained below, this Court does not have

personal jurisdiction over the Woods Defendants and grants the

motion to dismiss.

## Background

        The following facts are taken from the Complaint and the

parties' Declarations and presumed true for the purposes of this

- 1 -

motion. See Jonas v. Est. of Leven, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)("In deciding a motion to dismiss a complaint for want of personal jurisdiction, the district court may consider materials outside the pleadings, including affidavits and other written materials.").

On June 27, 2023, Abdullah Ali noticed a Rolls Royce vehicle parked in a Money Team, LLC, trailer on Park Avenue South between East 29th and East 30th Street. Compl. ¶¶ 26, 30 (Dkt. No. 1, ex. 1). While he was observing the vehicle, John Does 1-12 "attacked, assaulted, and/or battered" Ali without provocation. Id. ¶ 30.

The altercation caused Ali "serious personal, economic, and other injury." Id. ¶ 28. Specifically, he "has been rendered sick, sore, lame and disabled," and "he has experienced pain, suffering, and a loss of enjoyment of life, and will experience [the] same in the future[.]" Id. ¶ 50.

Ali believes John Does 7-12 are security guards for Symere Bysil Woods, a musician and performing artist known as Lil Uzi Vert, who uses they/them pronouns. Id. ¶ 22; see also Woods First Decl. ¶ 1 (Dkt. No. 15). The Complaint describes the John Does as "friends and/or colleagues, and/or cohorts, and/or co-conspirators," as well as "employees, agents, and/or servants" of both Woods and Uzivert, LLC. Compl. ¶¶ 20-22. Ali also believes John Does 1-6 are security guards for Floyd Mayweather,

- 2 -

Jr., and/or Mayweather, Jr.'s, limited liability company, Money Team, LLC. Id. ¶¶ 8-10. Woods has not met Mayweather, Jr., and the Woods Defendants do not have a professional relationship with Mayweather, Jr., or Money Team, LLC. Woods Second Decl. ¶ 8 (Dkt. No. 30).

Woods acknowledges they were in New York City on June 27, 2023, to promote their upcoming album The Pink Tape. Woods First Decl. ¶¶ 9-10. They hosted an album release party called The Pink Prom on the same date at 17 Irving Plaza, New York, New York 10003. Id. ¶ 10.

While in New York, Woods leases apartment because it "provides [them] with space, security, and privacy [they] cannot find in a hotel." Id. ¶ 8. However, Woods permanently resides in Pennsylvania, where they pay state taxes and are registered to vote. Id. ¶ 3. They intend to stay and remain in Pennsylvania. Id. ¶ 4.

Woods is also the owner, operator, and sole member of the limited liability company Uzivert, LLC. Id. ¶ 5. Uzivert, LLC, was formed in Georgia, and it does not maintain any offices in New York. Woods Second Decl. ¶ 7.

Ali brings this action against Uzivert, LLC, for assault and battery, and Woods and Uzivert, LLC, for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and respondeat superior for

- 3 -

negligent hiring, retention, and supervision. See generally Compl. ¶¶ 31-75.

## Legal Standard

"Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84-85 (2d Cir. 2013) (internal citation and quotation marks omitted); see also SPV OSUS Ltd. v. UBS AG, 114 F. Supp. 3d 161, 166-67 (S.D.N.Y. 2015), aff'd, 882 F.3d 333 (2d Cir. 2018).

"Although ambiguities in the pleadings should be resolved in the plaintiff's favor, conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a prima facie showing of jurisdiction." SPV OSUS Ltd., 114 F. Supp. 3d at 167 (internal citation and quotation marks omitted). "[R]esolving all doubts in the plaintiff's favor is not the same as blindly crediting all allegations regardless of their factual support." Id.

Courts conduct a two-step inquiry to determine whether there is personal jurisdiction over a defendant. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168 (2d Cir. 2013); see also Arzu v. Am. Airlines, Inc., 690 F. Supp. 3d

- 4 -

242, 247 (S.D.N.Y. 2023). "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant, such as under the New York general jurisdiction statute (i.e., N.Y. Civil Practice Law and Rules ("CPLR") § 301) and the long-arm statute (i.e., N.Y. CPLR § 302)." Arzu, 690 F. Supp. 3d at 247. "Second, if such a basis for jurisdiction exists, the court then must determine whether the extension of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment." Id.

General jurisdiction renders a defendant amenable to suit on all claims. See Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). In New York, a foreign corporate defendant is amenable to suit under N.Y. C.P.L.R. § 301 "if it has engaged in such a continuous and systematic course of doing business here that a finding of its presence in this jurisdiction is warranted." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 565 N.E.2d 488, 490 (1990). "The court must be able to say from the facts that the corporation is present in the State not

occasionally or casually, but with a fair measure of permanence and continuity." Id.

Specific jurisdiction renders a defendant amenable to suit only on claims that arise from conduct related to the forum state. See Daimler AG, 571 U.S. at 127. Under N.Y. C.P.L.R. § 302, courts may exercise personal jurisdiction over a non-domiciliary who, personally or through an agent, (1) transacts business in New York, (2) commits a tortious act in New York, (3) commits a tortious act outside of New York that causes injury within New York, or (4) owns, uses, or possesses real property in New York.

### Discussion

Ali contends that his pleadings are sufficient to make a prima facie showing of personal jurisdiction over the Woods Defendants. He argues, in the alternative, that he should be allowed jurisdictional discovery or leave to amend the Complaint. Because personal jurisdiction is a threshold matter, this Court must consider that issue before analyzing other grounds for dismissal.

### 1. N.Y. C.P.L.R. § 301

The parties agree Woods is not domiciled in New York. See Compl. ¶ 14; Woods First Decl. ¶¶ 3-4. Since an individual's domicile is the "paradigm forum" for general jurisdiction, Woods

- 6 -

cannot be subject to such jurisdiction in New York. See Goodyear
Dunlop Tires Operations, S.A., 564 U.S. at 924.

Woods' occasional New York apartment rentals also do not
establish the minimum contacts with the state to confer general
jurisdiction. Rates Tech. Inc. v. Cequel Commc'ns, LLC, 15 F.
Supp. 3d 409, 416 (S.D.N.Y. 2014) ("R]enting an apartment in the
forum fails to amount to the minimum contacts necessary to find
general jurisdiction.").

Section 301 also does not subject Uzivert, LLC, to general
jurisdiction in New York. Ali concedes Uzivert, LLC, is a
"foreign business entity," but he also alleges the entity:

> [T]ransacted business within the State of New York;
> regularly did or solicited business within the State
> of New York or engaged in other persistent courses
> [sic] conduct and/or derived substantial revenue from
> goods used or consumed or services rendered in the
> State of New York and expected or should have
> reasonably expected its acts to have consequences
> within the State of New York and/or derived
> substantial revenue from interstate or international
> commerce.

Compl. ¶ 19.

This conclusory paragraph restates the elements of general
jurisdiction without providing any evidence that Uzivert, LLC,
is at home in New York. The Complaint does not include any
indicia courts may consider when evaluating general
jurisdiction, such as the existence of an office in New York,
the solicitation of business in New York, the presence of a bank

- 7 -

account or other property in New York, or the presence of
employees or agents in New York. See Landoil Res. Corp., 565
N.E.2d at 491 (1990).

Indeed, Ali could not offer such evidence because Uzivert,
LLC, was organized in Georgia, does not maintain offices in New
York, and has only one member, Woods, who is domiciled in
Pennsylvania. See Woods First Decl. ¶¶ 3-5; Woods Second Decl.
¶ 7. Further, there is no evidence the Woods Defendants' New
York-based events, such as The Pink Prom, occurred with any
measure of permanence and continuity to render either party at
home in the state.

The Court is not obligated to accept as true legal
conclusions couched as factual allegations. SPV OSUS Ltd., 114
F. Supp. 3d at 167. In the absence of evidence demonstrating
domicile or continuous and systemic business activity, the Court
cannot confer general jurisdiction over the Woods Defendants
under N.Y. C.P.L.R. § 301.

**2. N.Y. C.P.L.R. § 302**

Ali asserts N.Y. C.P.L.R. § 302(a)(1) and (2) confer
jurisdiction over the Woods Defendants because they transacted
business in New York, and their agents, John Does 7-12,
committed a tortious act within the state. Neither argument
prevails.

- 8 -

The Complaint's Section 302(a)(1) argument fails for the same reason its Section 301 argument failed: there is no evidence in the pleadings that the Woods Defendants engaged in business transactions in New York. The Complaint does not allege any deals negotiated, contracts signed, goods sold, or meetings held in the state. In fact, it does not even mention The Pink Prom event. Instead, it relies on the conclusory allegation that the Woods Defendants "transacted business within the State of New York." Compl. ¶ 19. That is not enough to confer jurisdiction.

Even if the Pink Prom event constituted a business transaction for the purposes of Section 302(a)(1), there does not appear to be a connection between the attack and the event. "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006).

Here, the required nexus does not exist. There is no geographic proximity because the attack occurred a mile away from The Pink Prom event. There is also no indication of temporal proximity because Ali does not state when the attack occurred. Ali was attacked for observing a Money Team, LLC, vehicle, but the Woods Defendants have no relationship with Money Team, LLC, or Mayweather, Jr. Because the Complaint fails

- 9 -

to mention The Pink Prom event at all, it is difficult to see
how Ali could credibly allege his attack arose from the event,
as is required under Section 302(a)(1).

It is undisputed that Woods was present in New York on the
night of the altercation, but there is no indication their
presence caused, contributed to, or was at all related to the
attack. "A connection that is merely coincidental is
insufficient to support jurisdiction." Sole Resort, 450 F.3d at
103; see also Edwardo v. Roman Cath. Bishop of Providence, 66
F.4th 69, 76 (2d Cir. 2023)("But a chain of causation involving
physical presence in New York does not, by itself, create a
nexus between an otherwise unrelated tort claim and a business
transaction.").

Ali next alleges John Does 7-12 were serving as the Woods
Defendants' agents when they committed a tortious act in New
York, which establishes jurisdiction under N.Y. C.P.L.R.
§ 302(a)(2). However, this agency theory lacks factual support.

First, the relationship between the John Does and the Woods
Defendants is not clearly defined. The Complaint identifies the
John Does as "employees, agents, and/or servants" of the Woods
Defendants, but also claims they may be "friends and/or
colleagues, and/or cohorts, and/or co-conspirators." Compl.
¶¶ 20-22. This is far too speculative to demonstrate agency.

- 10 -

Moreover, there is nothing to suggest the Woods Defendants directed the John Does to assault or batter Ali, or that such an attack benefitted Woods. The Complaint alleges that the John Does worked as Woods' security and that during the attack they were "acting within the course of their employment with defendant." Compl. ¶ 24. This claim contradicts itself. Ali does not allege Woods was present when the attack occurred, and Woods' declarations confirm they attended The Pink Prom that night. It is therefore implausible that the John Does could have been working as Woods' security, and for the benefit of Woods, when Woods was not at the scene of the altercation.

The Complaint's agency theory "lack[s] the factual specificity necessary to confer jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d. Cir. 1998). "The New York law seems to be clear that the bland assertion of conspiracy or agency is insufficient to establish jurisdiction for the purposes of section 302(a)(2)." Lehigh Val. Indus., Inc. v. Birenbaum, 527 F.2d 87, 93 (2d Cir. 1975).

Because Ali has not established a statutory basis for jurisdiction under N.Y. C.P.L.R. § 301 or § 302, the Court does not need to consider whether the extension of jurisdiction would be permissible under the Due Process Clause of the Fourteenth Amendment. See Arzu, 690 F. Supp. 3d at 248.

- 11 -

**3. Jurisdictional Discovery**

Courts generally have broad discretion to grant jurisdictional discovery; however, discovery may be denied when a plaintiff has not made a prima facie showing of jurisdiction. See Jazini, 148 F.3d at 186; see also Vista Food Exch., Inc. v. Champion Foodservice, LLC, 124 F. Supp. 3d 301, 313-14 (S.D.N.Y. 2015). The Complaint falls short of such a showing.

Ali requests jurisdictional discovery because the information absent from his Complaint is exclusively within the knowledge of the Woods Defendants. However, the Woods Defendants submitted declarations answering many of Ali's jurisdictional questions, including Uzivert, LLC's, state of incorporation, whether Uzivert, LLC, maintains offices in New York, and the nature of the relationship between the Woods Defendants, Money Team, LLC, and Mayweather, Jr. See Vista Food Exch., Inc., 124 F. Supp. 3d at 314 (denying discovery when defendants provided factual submissions that answered outstanding jurisdictional questions).

The Court is not persuaded by Ali's argument that he cannot demonstrate jurisdiction without discovery. Foreign corporations often structure their operations to minimize the risk of being sued in states where they are not domiciled or systemically operating. In this Circuit, the rules governing jurisdiction over a foreign corporation are clear, "and it would be inappropriate for us to deviate from them or to create an

exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards." Jazini, 148 F.3d at 186.

### 4. Leave to Amend

A court may dismiss a case with prejudice where amendment would be futile. See Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). The Complaint contains only recitations of legal elements and conclusory allegations regarding the Woods Defendants. Ali does not identify any additional facts or legal theories he would assert if allowed to replead. Because of this, it is unlikely amendment would resolve the factual deficiencies in the Complaint, and the Court declines to grant leave to amend.

### Conclusion

The Woods Defendants' Motion to Dismiss for lack of personal jurisdiction is granted with prejudice. Ali's request for jurisdictional discovery is denied.

So ordered.

Dated: New York, New York

June 10, 2025

Louis L. Stanton

LOUIS L. STANTON

U.S.D.J.