ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH ALI,

Plaintiff,

- against -

FLOYD JOY MAYWEATHER, JR.; MONEY TEAM, LLC; and JOHN DOES 1-6,

Defendants.

24 Civ. 5642 (LLS)

ORDER

Plaintiff Abdullah Ali's Complaint was removed to this Court on July 25, 2024. (Dkt. No. 1). Defendant Floyd Mayweather, Jr., answered the Complaint on September 17, 2024. (Dkt. No. 20). In the nearly two years since Mayweather's Answer, Ali has not advanced his case against defendants. The only filings on the docket relate to a motion to dismiss former defendants Symere Bysil Woods and Uzivert, LLC.

On June 3, 2026, the Court ordered a status conference and instructed the remaining parties to provide an update on the posture of the case. (Dkt. No. 40). At the conference, counsel for Ali was unable to provide a status update on the action before this Court, but he reported that Ali was pursuing similar claims against defendants Mayweather, Money Team, LLC, Woods, and Uzivert, LLC in Nevada and Pennsylvania. Counsel informed the Court that he would file a status update within five

business days regarding the Pennsylvania and Nevada matters and whether Ali intended to proceed with the present case.

Ali did not file a status update within five business days. On July 29, 2026, nearly a month after the conference, the Court ordered Ali to file the update by August 5, 2026. (Dkt. No. 42). Ali again did not meet the Court's deadline, instead filing the status update on August 10, 2026. (Dkt. No. 43). Such cavalier disregard for a court order is unacceptable.

Ali intends to proceed with the action before this Court as well as the pending actions in Pennsylvania and Nevada. The parties are therefore instructed to jointly prepare, sign and submit a proposed Scheduling Order by Wednesday, September 2, 2026. A template Scheduling Order is included on the docket. See (Dkt. No. 22).

Ali is advised that further delay in complying with this Order will result in an involuntary dismissal for failure to prosecute. "It is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

So ordered.

Dated: New York, New York
August 19, 2026

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J